# Stroman v. Penn Motors Corporation, Appellant.

*Negligence—Automobiles—Business truck—Presumption of use in defendant's business—Defense of other use—Oral testimony—Case for jury.*

In an action of trespass to recover damages for injury sustained in an automobile accident, the case is for the jury and a verdict will be sustained where the defense—depending entirely upon oral testimony—is that the motor truck was not used in the defendant's business, but was being operated by the driver for his own purposes.

In such case, the fact that the truck bore the name of the defendant and was driven by its employee is sufficient to raise the presumption that it was driven by the employee in the course of his duty. Where the defense is that the driver was using the truck for his own purposes, outside the scope of his employment, such testimony, even though uncontradicted, is not so conclusive as would justify binding instructions in favor of defendant.

130 STROMAN *v.* PENN MOTORS CORP., Appellant.

Statement of Facts—Opinion of the Court. [82 Pa. Superior Ct.

Argued October 8, 1923. Appeal, No. 174, Oct. T., 1923, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1922, No. 4146, on verdict for plaintiff in the case of Helen Stroman, by her father and next friend, Jacob Marion Stroman, and Jacob Marion Stroman in his own right v. Penn Motors Corporations. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,000 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Herbert Leonard Maris,* for appellant.—The defendant was entitled to binding instructions: Joel v. Morrison, 6 C. & P. 501; Mitchell v. Crasweller, 13 C. B. 237.

*Morton Z. Paul,* for appellee.—The case was for the jury: Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 340; Treon v. Shipman & Son, 275 Pa. 246; Walker v. Quaker City Cab Co., 75 Pa. Superior Ct. 334; Moon v. Matthews, 227 Pa. 488; Raub v. Donn, 254 Pa. 203; Graham v. Henderson, 254 Pa. 137; Curran v. Lorch, 243 Pa. 247.

OPINION BY PORTER, J., November 19, 1923:

This is an appeal from a judgment of the court below in favor of a child three years of age, for personal injuries sustained when run over by a business truck belonging to the defendant, upon the sidewalk of Somer-

set Street, in the City of Philadelphia. That there was negligence in the operation of the truck was not disputed upon the trial. The defense set up was wholly outside the circumstances detailed by plaintiff's witnesses, it was purely and distinctly affirmative in character and the burden of establishing it rested on the defendant. It was, that at the time of the accident, the driver of the truck was not acting within the scope of his employment by the defendant. The appellant contends that, because the evidence produced by the defendant, tending to establish that the driver of the truck had departed from his line of duty and was using the vehicle for purposes of his own, was uncontradicted, the court should have withdrawn the case from the consideration of the jury and given binding instructions in favor of the defendant.

The evidence produced by the plaintiff disclosed that the vehicle was a business truck which bore the name of the defendant, and it was formally admitted by the defendant upon the trial that the truck "was owned by the defendant, the Penn Motors Corporation. It is further admitted that the driver of this truck was employed by the defendant, the Penn Motors Corporation." Where, as here, the car is used for business purposes, the fact that it bears the name of the defendant and is driven by its employee, is sufficient to raise a presumption that it was driven by the employee in the line of his duty. "In this respect there is a distinction between pleasure cars and business trucks. The former are not designed primarily for use in connection with the business of the owner and usually bear no outward evidence of ownership or use to which they are being put. They may be driven by the owner for his pleasure, but frequently are driven by members of his family or friends or employees of the owner for their individual benefit or pleasure. ......On the other hand, business trucks are primarily designed and are generally used for the business of the owner, and, in case of accident, it is not unreasonable to require the owner, whose name appears thereon, to

prove the exceptional case where the use was, in fact, for other purposes not connected with the defendant's business or for his benefit": Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 344. The defendant presented testimony which, if true, indicated that the truck at the time of the accident was not being used in the business of the defendant, but by the driver for purposes of his own entirely outside the course of his employment. The testimony produced by the plaintiff and the admissions of the defendant upon the trial had shifted the burden of proof, as to this one issue, so that it rested upon the defendant. The testimony relied upon by defendant to overcome the plaintiff's prima facie case, upon this issue, was oral, delivered by witnesses in the presence of the jury, and its value depended upon their credibility, which was a matter exclusively within the province of the jury to decide: Holzheimer v. Lit Brothers, 262 Pa. 150. The case was not one in which the court would have been warranted in giving binding instructions in favor of the defendant and the assignments of error are overruled.

The judgment is affirmed.