Talarico *v.* Baker Office Furniture Co., Appellant.

212

Argued October 8, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*William A. Challener,* with him *William A. Challener, Jr.,* for appellant.

*E. W. Langfitt,* for appellee.

PER CURIAM, November 25, 1929:

This case is before us on a motion for judgment non obstante veredicto alone. We adopt the following excerpts from the opinion of the court below refusing to enter such judgment:

"At about 10:30 p. m. on March 1, 1927, plaintiff's husband, a street sweeper employed by the City of Pittsburgh, while engaged at his work......, was struck by a truck owned by defendant and bearing its trade name. Defendant admitted formally that the driver of the truck was its employee and that he was negligent in operation of [the] car, but it contended that he had abandoned its business shortly after 5:00 o'clock p. m. on the day of the accident, and had gone on a mission of his own. In support of this contention, defendant offered evidence [tending to show that the accident happened when the driver was using the truck for his own purposes].

"Plaintiff offered no evidence to contradict defendant's testimony relative to the duties of the driver and his movements on the night in question. She relied entirely upon the presumptions arising from the fact that the vehicle which caused the injury was a business automobile bearing defendant's trade name and in charge of its employee. When these presumptions arise from proven facts they ordinarily entitle plaintiff to have the case submitted to a jury. This rule is discussed in all of its aspects in the comparatively recent case of Hartig v. American Ice Co. et al., 290 Pa. 21, 30. The applicable general rules are stated thus: 'Where the evidence produced by plaintiff, if believed, is sufficient to prove that

he was injured by the negligence of one in charge of a business automobile, bearing the trade name of defendant, displayed thereon in such a manner as trade or business names are usually placed on vehicles used for trade or business purposes, these facts are sufficient, (1) to raise the presumption that the car in question was owned by defendant and was being used by the person in charge thereof for defendant's business purposes; and, (2) when such presumptions so arise, they entitle plaintiff to have his case submitted to the jury, (a) unless plaintiff himself shows, in the presentation of his case, that, as a matter of fact, the car did not belong to defendant or was not being used in his business, or (b) unless, in the testimony produced, defendant is able to point to evidence of "indisputable physical conditions," or "facts," or to show in the evidence some indisputable basis for "mathematical tests," which demonstratively overcome the presumptions in plaintiff's favor......, [or] (c) where, in addition to the uncontradicted oral evidence on the side of defendant, showing no liability, there is admittedly genuine or unattacked documentary evidence which relieves defendant from [the possibility of] liability.'

"Defendant contends that the present case falls within subdivisions (b) and (c) of the exception to the general rule above stated. The 'indisputable physical conditions' on which it relies are, (1) that the truck contained no merchandise after the desk had been delivered; (2) that the shipper left the warehouse at 5:00 o'clock and locked the door, making it impossible for the driver to return to the warehouse and procure other goods; (3) that the accident took place more than five hours after the driver's working day ended; and (4) that the place of the accident is far removed from the warehouse, and the truck was proceeding away from the warehouse and not toward it. The 'unattacked documentary evidence' is a delivery blank showing the order upon which the desk was shipped and the receipt of the American

Railway Express Company showing delivery of the desk to it at 5 : 00 o'clock.

"The physical-facts-and-mathematical-tests theory are not applicable to this case. The facts here are not of the kind included in the terms 'indisputable physical condition,' nor do they furnish the basis for mathematical tests demonstratively overcoming the presumptions in plaintiff's favor. The defendant's case rested entirely upon oral evidence which, under the authority of Hartig v. American Ice Co., supra, and the pertinent cases preceding it, must go to a jury. Nor is the documentary evidence of the character which relieves the defendant from the possibility of liability."

The judgment is affirmed.