Krajnik et ux. *v.* Monongahela Valley Bus Co., Appellant.

Recorded April 30, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Harry J. Nesbit,* for appellant, cited: Hartig v. American Ice Co., 290 Pa. 21; Shaughnessy v. Director General, 274 Pa. 413.

*A. H. Rosenberg,* and with him *H. M. Lubic,* for appellees, cited: Talarico v. Baker Office Furniture Co., 298 Pa. 211.

OPINION BY TREXLER, P. J., July 10, 1930:

The bus of the defendant company ran into the house of the plaintiffs and occasioned the damages for which suit is brought.

The only question raised on the appeal is whether the driver of the bus at the time of the accident, was engaged in his employer's business. We start out with the presumption that he was, for the bus bore the name of the defendant company and the driver was admittedly an employee. To overcome this prima facie, the defendant offered testimony to the effect that the driver of the bus had completed his regular route.

There was a young lady who was a passenger of the bus and who had paid her fare to the end of the route, but lived some distance beyond it. The driver who was acquainted with her offered to take her home and proceeded with the bus for that purpose. When the stop was made in order that she might dismount, the accident occurred. There is no doubt that it was the intention of the driver after he had reached the end of his route about 12:30 A. M., to take the bus to the garage and doing this he would be on his master's business. The route he selected when he took the lady home was not the shortest distance to the garage, in fact, was much longer than the direct way. The driver was asked, "Of course, you were not told to take any

special route or predetermined way to get to your garage, were you? A. No, sir. Q. You could use your own judgment as to that? A. Yes, sir.'' There was testimony to the effect that the same bus was seen on the route which he took when the accident occurred. There had been printed instructions given to the employees of the company as to what they should do in the performance of their duties, but these were not offered and the court rejected the oral testimony in this regard as not the best. It seems clear that the testimony offered by the defendant was not so ''clear, positive, credible, uncontradicted and indisputable in weight and amount as to compel the court to direct a verdict for the defendant: Hartig v. American Ice Co., 290 Pa. 21; Talarico v. Baker Office Furniture Co., 298 Pa. 211. The testimony to rebut the presumption that the car was used for the defendant's purposes was entirely oral.

The jury might infer from the testimony of the driver that there was considerable latitude allowed him as to the route he was to pursue in going to the garage. They might draw the inference that for the accommodation of the patron of the company, the driver might divert from the most direct route to the garage. As we have already observed, the bus was seen several times on the same course as that which the driver pursued on the evening of the accident, after he had completed his regular route.

In Hartig v. American Ice Co., supra, one of the methods by which to overcome the presumption and the only one that we need consider is ''Where, in addition to uncontradicted oral evidence on the side of the defendant showing no liability, there is admittedly genuine or unattacked documentary evidence which relieves defendant from liability.'' This standard was not met in the present case and the court necessarily had to submit the case to the jury.

The judgment is affirmed.