Sefton *v.* Valley Dairy Company, Appellant.

Argued March 24, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edward J. I. Gannon,* with him *S. M. Hazlett,* of *Hazlett, Gannon & Walter,* for appellant.

*Edward Schreiner,* of *Schreiner & Loeffler,* for appellee.

OPINION BY MR. JUSTICE PARKER, September 28, 1942:

In this action of trespass, arising out of a collision between a car in which plaintiff was a passenger and a Dodge truck operated by Norman Schwartz, plaintiff recovered a verdict. Defendant complains of the refusal

of its motion for judgment n. o. v. and the entry of judgment for plaintiff. The principal question now involved is whether defendant, Valley Dairy Company, was liable by virtue of the doctrine of respondeat superior, or more specifically, whether the evidence was sufficient to sustain the finding of the jury that Schwartz was at the time of the accident an employee of defendant engaged in the business of defendant "within the scope of his authority and employment." Plaintiff in making a case relied on the presumption as to ownership and agency which arises when the business name of an alleged owner is displayed on a commercial vehicle.

A review of the evidence in a light most favorable to plaintiff giving him the benefit of every inference of fact pertaining to the issue involved which may reasonably be deduced from the evidence (*Guilinger v. P. R. R. Co.*, 304 Pa. 140, 144, 155 A. 293) will show that the judgment must be affirmed. No question is raised as to the negligence of the driver of the truck. Plaintiff's witnesses testified that the commercial truck with which the car in which plaintiff was riding collided had printed on it "Valley Dairy Company" in large letters and in small letters "H. P. 31" which is the health permit number assigned to defendant. One witness stated that defendant's telephone number was on the truck and another that he saw milk bottles in it. It was developed on cross examination of defendant's witnesses that the milk which was sold from the truck was secured from defendant and that bills rendered for milk sold from this truck were on blanks captioned with defendant's name, address and telephone number.

There was strong oral testimony on the part of defendant tending to show that the truck in question was the property of Richard Schwartz, a brother of the driver, that neither he nor Norman was employed by defendant and that at the time of the accident Norman was on an errand to a grocery store for his mother. However, this conflict raised by the oral testimony is not of moment in

determining whether defendant is entitled to judgment n. o. v. and the defendant has indicated positively that it does not wish a new trial.

It is well settled by our previous decisions that the presence of a defendant's name on a commercial vehicle raises a rebuttable presumption that the vehicle is owned by defendant and that the driver of the vehicle is a servant of defendant acting within the scope of his employment: *Williams v. Ludwig Floral Co.*, 252 Pa. 140, 97 A. 206; *Holzheimer v. Lit Bros.*, 262 Pa. 150, 105 A. 73; *Sieber v. Russ Bros. Ice Cream Co.*, 276 Pa. 340, 120 A. 272; *Hartig v. American Ice Co.*, 290 Pa. 21, 137 A. 867; *Talarico v. Baker Office Furn. Co.*, 298 Pa. 211, 149 A. 883. This presumption is sufficient to take the case to the jury even though defendant produces uncontradicted evidence that the driver was not its employee (*Holzheimer v. Lit Bros.*, supra), or produces evidence that it did not own the vehicle in question (*Hartig v. American Ice Co.*, supra). The rule is thus stated in the Hartig case: "Where the evidence produced by plaintiff, if believed, is sufficient to prove that he was injured by the negligence of one in charge of a business automobile, bearing the trade name of defendant, displayed thereon in such a manner as trade or business names are usually placed on vehicles used for trade or business purposes, these facts are sufficient (1) to raise the presumption that the car in question was owned by defendant and was being used by the person in charge thereof for defendant's business purposes; and (2), when such presumptions so arise, they entitle plaintiff to have his case submitted to the jury." The exceptions to the general rule noted by Chief Justice MOSCHZISKER in the Hartig case have no application here.

One other matter requires notice. On the trial of the case the following colloquy took place between attorneys for defendant and for plaintiff when defendant offered the certificate of title for the truck which it claimed was involved in the accident: "Mr. Schreiner: I will ask for

an offer as to what you are going to prove by that? Mr. Hazlett: It is self evident. Mr. Schreiner: They have already shown that the license was in his name and that the truck belonged to him. I never did have any doubt about that, and I haven't any now. Mr. Hazlett: About who owned the truck? Mr. Schreiner: Yes." Appellant argues that this was an admission that the truck involved in the accident belonged to Schwartz while appellee's attorney contends that he only meant that he never had any doubt that Schwartz had *a* truck with a license No. S9G19, but that he did not admit that it was *the* truck involved in the accident. This ambiguous statement was made in an unsuccessful attempt to prevent introduction of additional evidence. Under such circumstances it does not rise to the dignity of an admission or stipulation of record. President Judge RICE in *McGarry v. McGarry,* 9 Pa. Superior Ct. 71, 77, thus expressed the principle: "It would be an intolerable rule if it were to be held that the rights of clients could be divested by loose expressions of their attorneys." See also *Mahler v. Singer,* 285 Pa. 540, 545, 132 A. 718; *Nesbitt v. Turner,* 155 Pa. 429, 440, 26 A. 750; *Plummer v. H. C. & I. Co.,* 96 Pa. Superior Ct. 180, 184.

Plaintiff's evidence was not strictly limited to inferences to be drawn from the name on the truck. There was evidence that the truck at the time had on it milk bottles, that the milk sold from that truck was secured from the defendant company, that the permit number under which milk was sold by the defendant was on the truck, and that neither Norman Schwartz nor Richard Schwartz had an individual permit for the sale of milk, and that bills for the milk sold were rendered upon blanks of defendant company. The remedy applicable to the situation, if defendant believed the verdict was contrary to the weight of the evidence, was a new trial which, as we have said, defendant does not desire.

Judgment affirmed.