The facts are stated in the opinion by PATTERSON, J., of the court below, as follows: *Page 81 
Both the above entitled cases grow out of the same accident and were tried together. On a Saturday afternoon about 5 o'clock an automobile bearing the insignia and name of the City of Pittsburgh with "Bureau of Parks" added, collided with a horse drawn vehicle driven by the plaintiff Noftz and in which the plaintiff Sweeney was a passenger. Noftz was a huckster and Sweeney had been assisting him. A jury awarded Noftz a verdict in the sum of $4500 and found for Sweeney in the sum of $1500. The verdicts are large perhaps, but not so excessive as to shock the conscience of the court. The evidence is such that, if believed by the jury, it would justify the conclusion that the collision occurred under circumstances sufficient to charge the driver of the automobile, admittedly a chauffeur employed by the defendant in the Bureau of Parks, with negligence, and that such negligence was the proximate and direct cause of the injuries sustained by both plaintiffs.
Defendant has moved for a new trial in both cases and we will dispose of the motion in one opinion. The only debatable question is whether or not the evidence justified the finding that the driver of the automobile was at the time of the accident engaged in his master's business. This was presented to the jury by the court in the form of a special finding, with the instruction that a negative answer would defeat the plaintiff's right to recover without further deliberation, and that if the answer was affirmative the question of negligence and damages would then be for consideration. The question formulated was this:
"Was the driver of defendant's automobile engaged upon the business of his employer at the time of the accident?
"Answer __________".
The jury answered the question affirmatively. It is now contended by defendant that the evidence of the driver's agency was not sufficient to justify submission to the jury. *Page 82 
In oral argument, as well as in his brief, counsel for defendant has cited Hartig v. American Ice Co., 290 Pa. 21, 31, where the court after stating the rule that where the evidence, if believed, proves negligence on the part of one driving a business automobile bearing the trade name of defendant in the manner that such names are usually placed upon such vehicles, it raises the presumption that the car was owned by defendant and was being used by the person in charge thereof for defendant's business purposes, and that when such presumption arises plaintiff is entitled to have his case submitted to the jury. The writer of that opinion, VON MOSCHZISKER, C. J., then states three certain exceptions, viz: (a) When plaintiff's case discloses the car did not belong to the defendant; (b) where defendant is able to point to indisputable physical facts that overcome the presumption; and (c) where uncontradicted oral evidence relieving defendant is buttressed by genuine documentary evidence. The then Chief Justice further states there may be other instances of exceptions that "do not occur to our minds at the present time". We might mention one, to wit, where paintiff's case is not free from contributory negligence. Counsel for defendant, admitting that this case is not within any of the stated exceptions, contends that it might be within some of those exceptions which then did not occur to the minds of the appellate court.
The automobile bore the name and crest of the City of Pittsburgh and the departmental activity in which the car was used and the driver at the time was admittedly an employe of the particular bureau for the particular purpose of driving this car. The driver testified, however, that he had quit work at noon that day, had taken the automobile home because it was raining, and was using it at 5 o'clock in the performance of a household errand. The head of the department and the chief clerk both testified that the chauffeur was through at noon every Saturday, but there is no testimony that *Page 83 
definitely attaches to this particular day. The chief clerk, however, indicated that the record showed that he did not work on that afternoon. It is our opinion that this is not sufficient to take the case from the jury.
"It is well settled by our previous decisions that the presence of a defendant's name on a commercial vehicle raises a rebuttable presumption that the vehicle is owned by defendant and that the driver of the vehicle is a servant of defendant acting within the scope of his employment: Williams v. LudwigFloral Co., 252 Pa. 140, 97 A. 206; Holzheimer v. Lit Bros.,262 Pa. 150, 105 A. 73; Sieber v. Russ Bros. Ice Cream Co.,276 Pa. 340, 120 A. 272; Hartig v. American Ice Co., 290 Pa. 21,137 A. 867; Talarico v. Baker Office Furn. Co., 298 Pa. 211,149 A. 883. This presumption is sufficient to take the case to the jury even though defendant produces uncontradicted evidence that the driver was not its employee (Holzheimer v. Lit Bros., supra), or produces evidence that it did not own the vehicle in question (Hartig v. American Ice Co., supra." Sefton v. ValleyDairy Co., 345 Pa. 324, 326.
No rule of law than that stated above has been more firmly fabricated in our juridical structure or more explicitly defined and the case at bar is directly within it.
The defendant's motion for a new trial must be refused.
Defendant appealed.
The judgment is affirmed on the opinion of Judge PATTERSON of the Court below. *Page 84