## Henry, Appellant, *v.* Beck et al.

Argued March 14, 1944.  Before Keller, P. J., Baldrige, Rhodes, Hirt, Kenworthey, Reno and James, JJ.

*John A. Hoober,* for appellant.

*Ralph F. Fisher,* of *Fisher, Ports & May,* for appellee.

Opinion by Baldrige, J., April 11, 1944:

A collision between two motor vehicles occurred on November 4, 1939, about midnight.  Suit was brought by the plaintiff, Wayne J. Henry, against Paul R. Beck, Sue Hetrick, and Arcos Corporation (hereinafter called Arcos) to recover property damages.  Summons was not served on Beck.  The trial resulted in a verdict against the other two defendants.  Motions for a new trial and judgment n. o. v. for Arcos were filed.  The former was overruled and the latter sustained.  This appeal followed.

Plaintiff's statement avers that he was the owner of a truck which was proceeding at a moderate rate of speed in a northerly direction on the Susquehanna Trail, a public highway, toward the city of York, when

a Ford automobile travelling in the opposite direction, driven by Sue Hetrick "at the request and instance of Paul R. Beck" a passenger in the automobile, collided with it; that both Sue Hetrick and Beck were under the influence of liquor. There is an averment in the eleventh paragraph that at the time of the accident Beck was the authorized agent of Arcos and was engaged in and about the business of his agency and had with him in the automobile owned by Arcos and used by him his "agency supplies and equipment." There was no averment or evidence to show, however, that Sue Hetrick at the time of the collision was the agent, servant, or employer of Arcos or was engaged in its business or that she was operating the automobile with its knowledge and consent.

The affidavit of defense filed by Arcos denied the averments contained in paragraph 11 of plaintiff's statement except as to the ownership of the car which was admitted. It averred further that "Sue Hetrick was in no way the agent, servant or employee of the defendant, Arcos Corporation, and was in no way acting in and about the business of the said defendant." There was ample evidence that the Ford car was being negligently driven and no question of plaintiff's contributory negligence was raised.

The appellant states that the sole question involved in this appeal is: "Was the trial judge in error in taking from the jury the question of ownership of the automobile and the agency of the driver, under the testimony?"

The ownership being acknowledged, that matter is no longer in controversy. There remains the issue of agency. We recognize the rule that the presence of a defendant's name on a commercial vehicle raises a rebuttable presumption that the vehicle is owned by him and the driver is his agent acting within the scope of his employment: *Hartig v. American Ice Company*

*et al.,* 290 Pa. 21, 29, 137 A. 867; *Double et ux. v. Myers,* 305 Pa. 266, 270, 157 A. 610; *Sefton v. Valley Dairy Company,* 345 Pa. 324, 326, 28 A. 2d 313. There was no averment or proof by the plaintiff that a name or sign appeared on this car. The learned court below in its opinion said that this was "a pleasure or passenger" type of car. The accuracy of that statement was not challenged. There was found in the car after the accident two brief cases on which the name Arcos appeared and scattered about on the floor were pamphlets, catalogues and other literature pertaining to its business, but that evidence was insufficient to establish Arcos' liability. No one testified for the plaintiff that any of this property belonged to, or had been in possession of, Sue Hetrick. Arcos admitted at the trial that Beck at the time of the accident was one of its salesmen who worked on a "salary commission" basis.

The presumption that Arcos was liable, relied upon by the plaintiff, does not in our judgment arise in this case. It does not fall within the rule announced in *Sefton v. Valley Dairy Company,* supra, Nor did the proof of ownership of this Ford car driven at the time of the collision by one not in Arcos' employment of itself raise a presumption that warranted submitting the case to the jury: *Martin v. Lipschitz,* 299 Pa. 211, 215, 216, 149 A. 168; *Double et ux. v. Myers,* supra; *Readshaw et ux. v. Montgomery,* 313 Pa. 206, 208, 169 A. 135; *Warman v. Craig,* 321 Pa. 481, 482, 483, 184 A. 757. This car as above noted bore no outward evidence of ownership or that its primary use was for business purposes. A different rule is applicable to show agency in those circumstances than when a name or other markings on the car show ownership: *Stroman v. Penn Motors Corporation,* 82 Pa. Superior Ct. 129, 131. Plaintiff was required, therefore, to produce evidence that the collision was due to the negligence of the owner's agent while furthering its business and acting within the

scope of his employment: *Loper et ux. v. P. G. Publishing Co.*, 312 Pa. 580, 483, 169 A. 375. They were vital elements which he failed to prove.

The appellant argues that Beck, agent for the defendant, was acting within the scope of his business; that an emergency arose which justified his directing Sue Hetrick to drive the car, and therefore that Arcos is responsible for her negligence. It is stretching beyond all reasonable limits the doctrine of emergency to say that an emergency existed when this salesman, who had some drinks in a taproom, asked his female companion about midnight to drive out in the country in his employer's car. The natural query arises, what was the emergency? Beck was not then on business bent for his employer.

In *Corbin et al. v. George et al.*, 308 Pa. 201, 162 A. 459, suit was brought to recover for personal injuries as a result of the wife plaintiff being struck by an automobile belonging to Colgate-Palmolive-Peet Company but driven by one Helwig, not an employee of the company. The court entered judgment for the Colgate Company on the ground that no liability attached to it because Helwig, at the time of the accident, was not in its employ. The court there said, pp. 203, 204: "This decision of the court was inevitable, as the driver of the car was not shown to be in any relation whatever to the Colgate Company. The relation of master and servant cannot be imposed upon a person without his consent, express or implied. The exception to this rule is that a servant may engage an assistant in case of an emergency, where he is unable to perform the work alone: (Citing cases.)" The court held, as we do here, that there was no proof of an emergency within the contemplation of the law.

The only testimony offered by the plaintiff relating to Beck's intoxication was that of Joseph A. Tappe, a motor policeman who arrived at the scene of the acci-

dent shortly thereafter, who said that both Beck and Sue Hetrick had been drinking and he found some bottles of beer in the car.

Sue Hetrick, called by the defendant after a motion for compulsory non suit had been overruled, testified as follows: "Q. Was he [Beck] awake or asleep? A. He was awake. Q. Was he at all in an intoxicated condition? A. Yes sir."

She did not venture to say the degree of his intoxication. She stated further that she did not have any authority from Arcos to drive the car, but that Beck had asked her to drive.

In *Ginther v. J. P. Graham Transfer Company*, 149 Pa. Superior Ct. 635, 27 A. 2d 712, reversed in 348 Pa. 60, 33 A. 2d 923, a workman's compensation case, Ginther employed by the transfer company as a mechanic and truck driver, started on a trip to deliver some merchandise. He was accompanied by another man, Romigh, who was a part time employee of the company. These men stopped at a hotel and had some drinks. On the return trip Romigh drove the truck, Ginther sitting at his side and cautioning him not to drive too fast. He failed to negotiate a turn through a railroad underpass and Ginther sustained fatal injuries. The Supreme Court in reversing this court held that an emergency had not arisen which would give authority to the deceased to delegate his duty and in surrendering control of the truck to another person he took himself out of the course of his employment.

The plaintiff, having failed to prove that the automobile driven by Sue Hetrick was under actual or potential control of Arcos at the time of the collision or that it was being used by an agent in furthering its business, is not entitled to recover: *Double et ux. v.*

*Myers,* supra, p. 270; *Wesolowski et al. v. J. Hancock Insurance Company,* 308 Pa. 117, 122, 162 A. 166.

Judgment is affirmed.