Winward et al., Appellants, *v.* Rhodewalt.

Argued March 19, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*G. Clinton Fogwell, Jr.,* with him *Lawrence E. Wood,* and *Reilly, Fogwell & Lentz,* for appellants.

*Robert S. Gawthrop,* with him *Gawthrop & Greenwood,* for appellee.

OPINION BY FLOOD, J., June 13, 1962:

This is an appeal from the refusal of the court below to take off a compulsory nonsuit.

The only eyewitness was the defendant's agent who testified that on November 7, 1955, he was driving the plaintiffs' car eastwardly on Route No. 30 in Chester County headed for the defendant's garage where the car was to be inspected. Rain was falling at the time and the roadway was "slippery" and "greasy". Before reaching the point of the accident he had slowed down to permit a man to enter his driveway. At that time he noticed that the rear wheels "spun a little" but he attributed this to the car being new. He proceeded at 45 to 50 miles an hour staying with the traffic when the steering wheel spun sharply to the left and the car dropped on the left side. He testified further: "The left front wheel went down. The left tire blew . . . I brought the steering wheel back to the right and brought it almost out of the skid and the right wheels went off the edge of the road. There is a ledge there about four to six inches and by the time I started to get the wheels back on the road, the back wheels spun around and went down the highway for a short distance . . . I tried to get the car back on the highway and the back wheels spun around, and backed across the street into a bank . . . It hit a stone wall and a tree stump stopped it from going back and it just hit them on the right side of the car and it picked up and rolled out in the street." After the accident the car was lying on its roof, headed in the direction from which it had come. "It went all the way around and the back was up in the air and the car was on an angle and rolled out on the street." Asked whether the car turned over, he said: "The back was in a bank and the back end rolled

out." He said that he knew that the left front tire had blown because it was almost off the wheel when the car stopped.

The problem before us is whether under this testimony the jury should have been permitted to determine whether the defendant's driver was negligent and whether such negligence was a substantial factor in causing the damage to the plaintiffs' car. The court below, holding to the contrary, said: "But we are not willing to find negligence from the operation of a motor vehicle at a speed of 45 to 50 miles an hour in the right lane of the highway wide enough to accommodate three lanes of traffic where the operator was merely staying with the traffic, simply because the road was wet and this accident occurred. From the testimony, the clear and obvious inference as to the cause of the upset was that something went wrong with the left front of the vehicle causing that wheel to drop and the steering wheel to spin sharply to the left."

However, the road was more than wet. It was "slippery" and "greasy". Just before the driver had reached the point of the accident he slowed down to let a man go into his driveway and the wheels "spun a little". Under these circumstances, it was for the jury to say whether driving 45 to 50 miles per hour was negligent, even though it was within the legal speed limit. *Schwartz v. Jaffe,* 324 Pa. 324, 188 A. 295 (1936); *MacDougall v. Chalmers,* 192 Pa. Superior Ct. 401, 404, 162 A. 2d 51, 53 (1960). Under Section 1002(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1002(a): "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as

to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

We cannot say here, as a matter of law, that the defendant's agent was driving at a careful and prudent speed, not greater than is reasonable and proper, "having due regard to the traffic surface." This should have been submitted to the jury, unless it could be said as a matter of law that the speed of the vehicle was not a substantial factor in producing the harm suffered by the plaintiff.

The question of causation was also for the jury. Even if a blowout was the immediate cause of the accident, we have the question as to whether the defendant's negligence in driving too fast under the circumstances was a substantial contributing factor to the unfortunate result. If the jury determine the question of the driver's negligence adversely to the defendant, it must then determine whether this negligence was a substantial factor, in connection with the blowout, in causing this result. "Where the negligent conduct of the actor creates or increases the foreseeable risk of harm through the intervention of another force, and is a substantial factor in causing the harm, such intervention is not a superseding cause." Restatement (2d), Torts, Tentative Draft §442A.

If the defendant is found negligent in travelling at a speed too great in view of the slippery condition of the road, this negligence might create the danger of a skid and a consequent collision with some moving or standing object in the event of one of the many emergencies which occur while a car is being driven along the highway. The fact that the emergency was of the very serious type that a blowout always causes, does not nullify the negligent speed as a substantial factor in bringing about the resultant damage. At a non-neg-

ligent speed, the car might have been kept on the road. At a non-negligent speed, it might have been easily righted after it went off the road. At a non-negligent speed, it would likely not have taken the erratic course thereafter which it did—"the back wheels spun around and backed across the street into a bank"—before it hit the stone wall.

"Where the actor's conduct creates or increases the risk of a particular harm, and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where that force is the intentionally tortious or criminal act of a third person." Restatement (2d), Torts, Tentative Draft §442B. If the jury finds that the defendant's driver was negligent in driving too fast and creating the risk of a skid and consequent damage to the plaintiff's car, the fact that there was a blowout resulting in a much more violent skid than would have resulted from a more usual emergency, such as a necessity of suddenly applying the brakes, does not relieve the defendant from liability for the result.

The questions as to whether the defendant's driver was negligent under the circumstances, and whether this negligence was a substantial factor in causing the damage to the plaintiffs' car, should have been submitted to the jury.

Order reversed with a procedendo.