Winward et al., Appellants, *v.* Rhodewalt.

Argued December 12, 1963. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

*G. Clinton Fogwell, Jr.,* with him *Melva L. Mueller,* and *Reilly and Fogwell,* for appellants.

*Robert S. Gawthrop, Jr.,* with him *Gawthrop & Greenwood,* for appellee.

OPINION BY FLOOD, J., March 19, 1964:

The plaintiffs obtained a verdict against the defendant for damages to their car resulting from the negligence of the defendant's employe, Francis Dildine. The court below entered judgment n.o.v. for the defendant on the ground that there was not sufficient evidence that Dildine was acting within the scope of his authority as the defendant's agent at the time of the accident. The sole question before us is the correctness of that holding.

During his lunch period on the day of the accident Dildine spoke with his friend Thompson, one of the plaintiffs, over the telephone and was asked to take the latter's car to the defendant's garage for the semi-annual State inspection. About fifteen minutes later Dildine went to Thompson's home and got the car. The accident occurred while he was driving to the garage. No question is raised as to Dildine's negligence. See *Winward v. Rhodewalt,* 198 Pa. Superior Ct. 591, 182 A. 2d 111 (1962).

The car had been serviced in the defendant's garage at least twice before. Asked about this, Dildine answered: "Yes. I think I had it there on two occasions." He said he had driven other cars there but was "not positive" whether he had done so before or only after the date of the accident, although the defendant made no objection on one of the prior occasions when he took the Thompson car to the garage

for lubrication. Dildine further testified that while he was on his lunch period he could go where he wanted to go and do what he wanted to do.

The court below concluded that it did not appear from the evidence that at the particular time and place of the accident Dildine was acting within the scope, or for the purposes, of his employment or that he was then under the defendant's control or subject to his right of control. It based this conclusion upon the testimony that during his lunch hour Dildine had the right to do what he pleased and was not subject to the defendant's orders, the fact that the defendant had not instructed him to bring the plaintiffs' car to the garage and the lack of evidence that he had been previously instructed, or had any implied or apparent authority, to do so.

The evidence must be taken most favorably to the plaintiffs who won the verdict and they are entitled to the benefit of all reasonable inferences which may be drawn from that testimony. *Rockwell v. Kaplan,* 404 Pa. 574, 173 A. 2d 54 (1961).

To hold a defendant liable under the principle of respondeat superior, the person who inflicted the tort must, at the time of the injury, have been the servant of the defendant and acting within the scope of his employment. *Loper v. P. G. Publishing Co.,* 312 Pa. 580, 169 A. 374 (1933); Restatement (2d), Agency §219(1). In a case such as this, the question as to whether the driver is a servant of the defendant, acting within the scope of his employment, is a question of degree and is not subject to the relatively rigid formula used by the court below.

The evidence in this case establishes that Dildine was the servant of the defendant and the only issue open for our determination is whether, at the time of the accident, Dildine was acting within the scope of his employment. If he was, he was acting subject to

the defendant's right to control his conduct and the defendant is liable for his negligence.

Section 228 of the Restatement (2d), Agency, sets forth the proper principle:

"(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master, and

(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."

Under the evidence the jury could find that the pick-up and delivery of cars was included in the kind of work Dildine was hired to perform. The delivery of the plaintiffs' car to the garage was actuated partly, if not wholly, by a purpose to serve the defendant. Hence, the very narrow issue is whether the delivery of the automobile occurred "substantially within the authorized time and space limits" of the employment.

The mere fact that Dildine was on his lunch hour at the time of the accident is no reason to say as a matter of law that he was "far beyond" the authorized time or space limits. The reasonableness of the relationship of a servant's conduct to the clearly authorized time or area of employment is a matter of degree which depends upon the particular circumstances. See Restatement (2d), Agency, §§233-234. "[A] hard and fast rule cannot be laid down as to the scope of any particular employment . . . ." *Simmons v. Pennsyl-*

*vania Railroad,* 199 Pa. 232, 238, 48 A. 1070, 1072
(1901). It is important to note that the injury took
place when he was returning to the defendant's place
of business. He had done this before without com-
plaint from his master and, although there is no evi-
dence whether the master knew that he had driven
the car to the garage on an earlier occasion, the fact
that he did it without instruction on the occasion of
the accident is merely evidence for the jury to con-
sider and does not as a matter of law convict him of
acting outside the scope of his employment. "When
the existence or scope of an employment or agency de-
pends upon oral testimony all of the circumstances
must be considered and where the evidence is in con-
flict the question is peculiarly one for the jury." *Ex-
ner v. Gangewere,* 397 Pa. 58, 61, 152 A. 2d 458, 460
(1959). See also *Stepp v. Renn,* 184 Pa. Superior Ct.
634, 135 A. 2d 794 (1957) and Restatement (2d),
Agency, §228, comment d. The issue was properly sub-
mitted to the jury whose verdict should have been per-
mitted to stand.

Judgment reversed.