Brian K. OWLE

v.

**PUBLIC SERVICE DRIVE YOURSELF, INC.**

Civ. A. No. 78–3067.

United States District Court,
E. D. Pennsylvania.

July 15, 1980.

S. Richard Klinges, Bristol, Pa., for plaintiff.

John Patrick Kelley, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GILES, District Judge.

Plaintiff brought this action seeking damages for personal injuries and property loss as the result of a vehicular accident involving individual defendant, Michael D. Sikora. Sikora was the driver of a truck owned by defendant Public Service Drive Yourself, Inc. ("Public Service") and leased by defendant Strescon Industries, Inc. ("Strescon"). Strescon, has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes the motion on the grounds that at the time of the accident, Sikora was an employee of Strescon and acting within the scope of that employment.

Citing portions of the pretrial deposition of Sikora, Strescon claims that plaintiff has produced insufficient evidence to support his allegation of agency and asserts that the record evidence shows that Sikora was on personal business rather than his employer's business.

The court finds that there exists a dispute as to a material issue of fact and, accordingly, Strescon's motion must be denied.

■ First, by alleging that the accident vehicle was a commercial vehicle with a business name or decal on its side, publicly displayed, plaintiff raises a rebuttable presumption of ownership and agency under Pennsylvania law. See, *Simpson v. United States*, 484 F.Supp. 387 (W.D.Pa.1980); *Sefton v. Valley Dairy*, 345 Pa. 324, 326, 28 A.2d 313 (1942). Second, plaintiff relies on the deposition testimony of Sikora's father, Stephen Sikora to the effect that he and plaintiff were employed by Strescon at the time of the accident and that Strescon provided the vehicle for the personal as well as business use of the Sikora family as part of the compensation paid to the elder Sikora as Strescon's plant manager.

Rule 56 of the Federal Rules of Civil Procedure states in pertinent part:

(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Strescon relies on Sikora's deposition testimony that at the time of the accident he was using the vehicle to convey jumper cables to a personal friend. Strescon submits that this, in conjunction with a denial of an agency relationship is sufficient to rebut the presumption of agency.

However, the presumption of agency raised by the commercial decal, though rebuttable, is sufficient to require factual determination by a jury. *Sefton v. Valley Dairy, supra,* at 326, 28 A.2d 313. In *Sefton,* there was a collision between a car in which plaintiff was a passenger and a truck owned by defendant but being operated by an individual not employed by defendant. The court quoted from *Hartig v. American Ice Co.,* 290 Pa. 21, 30–31, 137 A. 867 (1927) which said:

> Where the evidence produced by plaintiff, if believed, is sufficient to prove that he was injured by the negligence of one in charge of a business automobile, bearing the trade name of defendant, displayed thereon in such a manner as trade or business names are usually placed on vehicles used for trade or business purposes, these facts are sufficient (1) to raise the presumption that the car in question was owned by defendant and was being used by the person in charge thereof for defendant's business purposes; and (2) when such presumptions so arise, they entitle plaintiff to have his case *submitted to the jury.* (a) Unless plaintiff himself shows in the presentation of his case that, as a matter of fact, the car did not belong to defendant or was not being used in his business, or (b) unless, in the testimony produced, defendant is able to point to evidence of "indisputable physical conditions," or "facts," or to show in the evidence some indisputable basis for "mathematical tests" which demonstratively overcome the presumptions in plaintiff's favor. (emphasis added).

The exceptions articulated in *Hartig v. American Ice Co.,* are not applicable here.

Again, in *Fullerton v. Motor Express, Inc.,* 375 Pa. 173, 100 A.2d 85 (1953), the Supreme Court of Pennsylvania stated:

> Any business organization which permits a commercial conveyance to ply the public highways prominently proclaiming its name owes a duty to the public to stand by that voluntary self–advertising proclamation. That responsibility, of course, is not absolute. The named firm may introduce evidence to show that the identifying trappings were camouflage, or innocent coincidence, or that, although admitting ownership of the vehicle, the driver thereof ignored instructions and headed for Chicago instead of New York as directed. *But such explanations are for the jury to evaluate and appraise in the light of all surrounding circumstances.* The lower court, therefore, properly refused to take away from the jury the question of ownership and mission, especially in view of the fact that the employment of James Greene (defendant driver) by Motor Express was admitted, . . . (emphasis added).

*Id.* at 176, 100 A.2d 85.

In *Caldwell v. Wilson Forwarding Co.,* 322 F.Supp. 43 (W.D.Pa.1971), under circumstances similar to those of the instant case, the defendant attempted to rebut the presumption of ownership and agency by contending in a motion for summary judgment that the commercial vehicle was under the exclusive control of a third party defendant. In denying the motion, the court stated, "However, . . . the evidence as a whole is not of such a clear and indubitable character as would warrant removing the issue from the jury. The evidence is largely oral testimony, the credibility of which appropriately is to be evaluated by the jury." *Id.* at 46. The instant situation is no different. Credibility is at issue and is an issue for the trier of fact. The jury's authority is to decide whether the presumption of agency and ownership has been rebutted by the evidence and the court cannot preempt that authority.

The cases cited by Strescon in support of its motion, *Cesare v. Cole,* 418 Pa. 173, 210 A.2d 491 (1965); *Winward v. Rhodewalt,* 203 Pa.Super. 369, 198 A.2d 623 (1964); *Gui-*

*da v. Giller,* 406 Pa. 111, 176 A.2d 903 (1962); *Rivoli–Theatre Co. v. Allison,* 396 Pa. 343, 152 A.2d 449 (1959); *Marach v. Kooistra,* 329 Pa. 324, 198 A. 66 (1938); and *Loper v. P. G. Publishing Co.,* 312 Pa. 580, 169 A. 374 (1933) are inapposite. Neither stands for the proposition that a rebuttable presumption may be overcome by a motion for summary judgment, but instead, demonstrate that it is the jury's prerogative to weigh the evidence against the presumption at trial.

In sum, in the instant facts, a rebuttable presumption has been established under Pennsylvania case law. Defendant Strescon has not produced evidence rebutting that presumption. Therefore, the court finds that there exists a dispute as to a material issue of fact, namely, the ownership and agency of the truck involved in the collision. A motion for summary judgment may only be granted if there are no remaining issues of material fact which, if believed by the trier of fact, would justify a finding for the party opposing that judgment. *Bryson v. Brand Insulation, Inc.,* 621 F.2d 556, 559 (3d Cir. 1980). *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884, 891 (3d Cir. 1977). Accordingly, Strescon's motion for summary judgment will be denied.