J-A04016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATT IRA TOWNSEND | |
| Appellant | No. 662 WDA 2013 |

Appeal from the Judgment of Sentence of March 26, 2013
In the Court of Common Pleas of Crawford County
Criminal Division at No.: CP-20-SA-0000036-2012

BEFORE:  BOWES, J., WECHT, J., and STABILE, J.

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 1, 2014**

Matt Ira Townsend challenges the trial court's March 26, 2013 judgment of sentence, following a summary appeal, upon his convictions of careless driving, 75 Pa.C.S. § 3714(a), and operating without a valid inspection sticker, 75 Pa.C.S. § 4703(a).  We affirm.

The evidence, viewed in the light most favorable to the Commonwealth as verdict-winner, supports the following factual account.  In the afternoon of May 14, 2012, Pennsylvania State Police ("PSP") Trooper Eric David Cox (presumably off-duty at the time, although the record is unclear) drove his personal vehicle from the driveway of his home onto Blooming Valley Road in West Mead Township, Crawford County.  Before entering the roadway, Cox observed no traffic approaching from either direction.  Cox then pulled onto the roadway, proceeded approximately 180 feet down the road at a

slow rate of speed, activated his turn signal, and pulled into the driveway of his girlfriend. As Cox pulled in, he heard what sounded to him like a vehicle skidding, and then, when he had pulled almost all the way into the driveway, observed Townsend and his motorcycle slide by him, both lying on the road.

As it approaches Cox's home from the direction Townsend was traveling, Blooming Valley Road proceeds through a residential area, curves sharply, and then descends steeply into a stretch of road lined with houses that are separated from each other by approximately twenty feet, among which where Cox's and his girlfriend's homes. As he approached and ultimately saw Cox's vehicle and gauged its speed, Townsend evidently believed[1] that he had insufficient time and distance to stop his motorcycle before striking Cox's car. In attempting to stop, he locked his rear brake into a skid, laid his motorcycle down, and, finally, he and the motorcycle slid to a stop some distance past Cox's car. Neither Townsend nor his motorcycle struck Cox's car, which was almost entirely in Cox's girlfriend's driveway by the time Townsend slid past.

After the accident, Cox summoned police and emergency medical personnel and tended to Townsend's injuries while awaiting the first responders' arrival. While Cox administered aid, Townsend asserted that Cox had pulled out in front of him, leaving Townsend insufficient space to

---

[1] This is our inference. Townsend did not testify on his own behalf.

stop. Townsend made the same assertion to Officer Rod Wise of the West Mead Township Police Department when Officer Wise arrived on the scene. Once he had secured the scene and seen to Townsend, Officer Wise began his accident investigation. He measured a skid that was 135 feet in length, followed by an additional forty-nine feet of gouge marks in the pavement.

Two days later, Cox retained an accident reconstructionist, Kevin Forcier, a former PSP trooper who once had supervised Cox and who considered Cox a personal friend, to conduct an investigation.[2] Forcier worked part-time as a crash reconstructionist for the Conneaut Lake Regional Police Department and maintained his own consulting business. Forcier investigated the scene and took measurements.[3] According to Forcier, Townsend first should have recognized Cox's vehicle when he was approximately 467 feet from Cox's driveway. Furthermore, the expert testified that Townsend was traveling at approximately forty-two to forty-six miles per hour in a section of Blooming Valley Road where the speed limit is forty-five miles per hour. Notably, this calculation was based upon the unlikely proposition that Townsend had applied **only** his rear brake as he approached Cox's car,[4] which was confirmed by a skid mark that was 153

---

[2] For Cox's testimony, **see** Notes of Testimony, 3/26/2013, at 3-11.

[3] For Forcier's testimony, **see** Notes of Testimony, 3/26/2013, at 23-42.

[4] The Pennsylvania Motorcycle Operator Manual promulgated by the Pennsylvania Department of Transportation directs operators **always** to use
*(Footnote Continued Next Page)*

feet in length. Because there was no skid mark that could be conclusively linked to the front wheel of Townsend's motorcycle, and because Townsend refused Forcier access to the motorcycle for purposes of inspection, the available data necessitated the assumption that Townsend applied only the rear brake.[5] Notably, the skid mark began only fifteen feet from Cox's driveway, approximately 450 feet beyond where Townsend could have observed Cox fully in the roadway, according to Forcier's testimony.

On or about May 23, 2012, Officer Wise issued citations to Townsend for careless driving and for operating without a valid inspection sticker, based upon the fact that his motorcycle's inspection had expired in June 2010.[6] The fines for the violations totaled $93 and $45, respectively.

*(Footnote Continued)* ————————

both brakes in tandem, and notes that a motorcycle's front brake can supply up to three-fourths of a motorcycle's total stopping power. ***See*** Motorcycle Operator Manual, Pub. 147 (4-14), at 10.

[5]    In fact, the expert testified that he observed one mark that "probably" was made by the front wheel under heavy braking. However, he did not testify to a reasonable degree of scientific certainty that the front brake had been applied in any way during Townsend's approach. One needs only common sense to recognize that if Townsend in fact had applied his front brake, the length of the skid mark would strongly suggest if not necessitate the conclusion that Townsend was operating at a speed in excess of the forty-two to forty-six mile per hour range calculated by Forcier based upon the assumption that Townsend had applied only his rear brake. We make this observation merely to note that Forcier granted Townsend the benefit of an assumption favorable to his defense.

[6]    As noted, Townsend does not challenge his citation for operating without a valid inspection sticker. The Commonwealth adduced no evidence that Townsend's motorcycle was in an unsafe condition at the time of the accident, and having an invalid inspection sticker is not an element of

*(Footnote Continued Next Page)*

Townsend pleaded not guilty and proceeded to a July 16, 2012 summary trial before a magisterial district judge ("MDJ"), who convicted him of both charges, fined him a total of $50.00, and imposed costs and fees of $220. On the same day, Townsend filed a summary appeal to the court of common pleas. On March 26, 2013, following a summary appeal hearing in the court of common pleas, the trial court found Townsend guilty of both charges and imposed the same fines and costs as were imposed by the MDJ, as well as fees and costs incurred in connection with his summary appeal.

On April 18, 2013, Townsend filed a timely notice of appeal of his conviction. On April 19, 2013, the trial court filed an order directing Townsend to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 10, 2013, Townsend timely complied, and the trial court issued a brief Rule 1925(a) opinion on May 16, 2013, ripening this case for our review.

Townsend appeals only the sufficiency of the evidence to sustain his conviction for careless driving:

> Did the Commonwealth present sufficient evidence to sustain a conviction of [c]areless [d]riving when it was [Townsend] who avoided an accident after a motorist pulled out in front of him from a blind driveway at an extraordinarily slow speed, and when [Townsend] was traveling under the speed limit?

(Footnote Continued) ——————————

careless driving. Thus, the Commonwealth's insistent emphasis on the invalid sticker, both at the summary appeal hearing and before this Court, is irrelevant to the charge of careless driving.

- 5 -

J-A04016-14

Brief for Townsend at 4.[7]

Our standard of review, and the Commonwealth's burden of proof applicable to a careless driving citation, are as follows:

> "The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]." ***Commonwealth v. Abed***, 989 A.2d 23, 26 (Pa. Super. 2010) (quoting ***Commonwealth v. Hutchinson***, 947 A.2d 800, 805-06 (Pa. Super. 2008)). The summary offense of careless driving is defined as follows: "Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714. The *mens rea* requirement applicable to § 3714, careless disregard, "implies 'less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances.'" ***Matter of***

---

[7] Before this Court, as stated and argued, Townsend challenges the sufficiency of the evidence. However, Townsend's Rule 1925(b) statement raised only the weight of the evidence. We could deem Townsend's lone issue waived due to his failure to raise it in his Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii). However, the trial court, treating Townsend's challenge as one to both the weight and the sufficiency of the evidence, explicitly rejected both. Moreover, the Commonwealth does not assert waiver in its brief before this Court, nor does it appear to us that Townsend's conflation of these issues presents any impediment to our review of the sufficiency of the evidence. Accordingly, we will not deem Townsend's challenge to the sufficiency of the evidence waived. ***See*** Pa.R.A.P. 105(a) (affording an appellate court the prerogative to overlook violations of the rules). However, we find any intended argument regarding the weight of the evidence to be waived. His statement of the question presented identifies only the sufficiency of the evidence, his argument is consistent with that analysis, and nothing in Townsend's argument effectively develops more than a boilerplate assertion that his conviction was contrary to the weight of the evidence.

*Huff*, 582 A.2d 1093, 1097 (Pa. Super. 1990) (*en banc*), *aff'd*, 604 A.2d 1026 (Pa. 1992) (*per curiam*) (partially quoting ***Commonwealth v. Podrasky***, 378 A.2d 450 (Pa. Super. 1977)); ***see also Commonwealth v. Wood***, 475 A.2d 834, 836 (Pa. Super. 1984).[1]

> [1] In *Huff*, *Podrasky*, and *Wood*, the charge was "reckless driving," but the *mens rea* under the pertinent statute at that time was "careless disregard." The offense of reckless driving now appears at 75 Pa.C.S. § 3736 and requires "willful or wanton disregard for the safety of persons or property." However, *Huff*, *Podrasky*, and *Wood* interpreted the meaning of the term "careless disregard," which *mens rea* appears in the offense now called careless driving. The definition of the term "careless disregard" outlined in those three cases continues to be valid.

***Commonwealth v. Gezovich***, 7 A.3d 300, 301 (Pa. Super. 2010) (citations modified).

To some extent, the overarching theme of Townsend's argument is encapsulated in the last exasperated assertions of his argument: "All of these factors combine to create a scenario that is nothing short of extraordinary. Why must a citation be issued for a summary traffic offense in such a situation?" Brief for Townsend at 11. Of course, this *cri de coeur* says little about whether the evidence was sufficient to sustain Townsend's conviction for careless driving. While we appreciate that Townsend might be frustrated that the PSP opted to heap insult (in the form of a motor vehicle violation) upon injury (the presumptive harms to person and property Townsend sustained) in an accident in which Townsend appears to have been the only true victim, whether the evidence was sufficient to support his

conviction beyond a reasonable doubt is a question we must answer subject to the above-stated deferential standard of review.

Emphasizing correctly that the *mens rea* for careless driving "implies 'less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances,'" **Huff**, 582 A.2d at 1097, Townsend asserts that "the Commonwealth failed to prove ordinary negligence in this case, much less a case of careless disregard." Brief for Townsend at 8. Townsend also correctly underscores the fact that "the mere happening of an accident does not prove that the motorist was even slightly negligent." **Id.** (citing **Flagiello v. Crilly**, 187 A.2d 289 (Pa. 1963) (granting non-suit in negligence action where there was no evidence of driver's speed, pre-collision behavior of child who was struck, duration of child's visibility to driver, and distance motorist had to stop); **Commonwealth v. Stosny**, 31 A.2d 582 (Pa. Super. 1943) ("[T]he mere happening of the accident does not prove that appellant was even slightly negligent.")); **see Gezovich**, 7 A.3d at 302 (citing cases).

The principal case upon which Townsend relies is **Gezovich**, *supra*. In **Gezovich**, the appellant was convicted of careless driving after her vehicle struck another vehicle. The only Commonwealth witness was a state trooper who did not observe the collision, but merely responded to the scene of the accident. When he arrived, the trooper observed two damaged vehicles, both of which had been moved from the point of impact to the roadside, and debris on the road. The appellant reported to the trooper that she saw "the

vehicle she struck, in front of her too late. She slammed on the brakes but struck it anyway." 7 A.3d at 301 (quoting notes of testimony). She did not indicate to the officer what the car she struck had been doing in the moments before the accident. *Id.* The trial court convicted the appellant of careless driving. Emphasizing that evidence of an accident does not, by itself, prove negligence, we vacated the judgment of sentence and discharged the appellant for want of sufficient evidence. *Id.* at 301-02.

As set forth above in greater detail, the evidence reviewed by the trial court sitting as the fact-finder in this case was not so anemic as that in *Gezovich*. Cox testified that he looked both ways before pulling out into the road, and that he did not see Townsend at that time. Cox's first awareness of Townsend's approach occurred as Cox turned into his girlfriend's driveway. Cox heard the sound of a vehicle skidding, whereafter a motorcycle slid down the road past Cox's car, which was almost entirely in Cox's girlfriend's driveway as the motorcycle and Townsend slid by. Thus, unlike in *Gezovich*, the trial court had the benefit of an eyewitness to certain incidents to the accident, whose testimony, viewed in tandem with Forcier's expert testimony as set forth above (which generally was in accord with Cox's account and Officer Wise's investigation), painted a far more thorough picture of the circumstances preceding Townsend's decision to drop his bike. Indeed, the testimony of Cox and Officer Wise alone constituted a greater degree of evidence in support of conviction than the Commonwealth presented in *Gezovich*. In addition to those two witnesses, the

Commonwealth presented the testimony of Forcier, who indicated to a reasonable degree of scientific certainty that it was not possible that Cox had pulled out in front of Townsend when Townsend was too close to stop, or even when Townsend was in a position to observe Cox doing so, as Townsend had claimed to both Cox and Officer Wise at the time of the accident.

As noted, *supra*, careless driving occurs when a person "drives a vehicle in careless disregard for the safety of persons or property." 75 Pa.C.S. § 3714. Careless disregard implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances. **See Gezovich**, *supra*. Moreover, even if Townsend was not exceeding the speed limit in the moments before the accident, this was not sufficient by itself to satisfy his obligation of care. To the contrary, in any given situation, a driver is obligated to make a judgment regarding how to operate his vehicle safely under the circumstances presented, which may at times require proceeding at a speed below the posted limit. **See** 75 Pa.C.S. § 3361 (directing that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to stop within the assured clear distance ahead," and that a driver "shall drive at a safe and appropriate speed . . . when approaching and going around a curve, [and] when approaching a hill crest"); **see also**

*MacDougall v. Chalmers*, 162 A.2d 51, 53 (Pa. Super. 1960) ("Regardless of established speed limits . . ., no person is privileged to drive except at a careful and prudent speed with his car under reasonable control; . . . and it is for a jury to say whether he has done so."); *accord Winward v. Rhodewalt*, 182 A.2d 111, 112 (Pa. Super. 1962).

As noted, just before the accident, Townsend had passed through a residential area, rounded a tight, blind curve, and was descending down a steep grade into a residential area – all reasons for Townsend to have slowed down in anticipation of a variety of potential hazards and surprises. Townsend contends that Cox pulled out in front of him, but Forcier's testimony contradicts this claim, inasmuch as he concluded that Cox would have been fully on the road, beginning to traverse the 180 feet to Cox's girlfriend's driveway, as Townsend crested the hill and Cox came into his view. On this basis, the fact-finder was free to conclude that when Townsend observed or should have observed Cox's vehicle, he saw (or should have seen) a car with its turn signal activated that was traveling at a slow rate of speed over a short distance before turning into a driveway. Taken in isolation, precisely as Forcier testified it would have appeared to Townsend as he approached, this was anything but an extraordinary event. A car slowing as it approaches a driveway in a residential area is common and hence foreseeable. And even if Cox was proceeding slowly relative to a another driver's approach to a driveway, Cox's speed of approximately ten miles-per-hour was not so unusual or unpredictable that Townsend should

be excused from responsibility for his inability to stop or take evasive action without accident or injury. Thus, the evidence that Townsend failed utterly to do so, viewed in its totality and in the light most favorable to the Commonwealth as verdict-winner, more than sufficed to entitle the fact-finder to conclude beyond a reasonable doubt that Townsend was operating his motorcycle with careless disregard for the safety of persons and property, not least his own.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2014