## Gojkovic et ux. v. Wageley et al., Appellants.

*Negligence—Automobiles—Ownership of truck—Presumption—Oral testimony—Evidence—Credibility — Case for jury — Master and servant.*

1. A delivery truck is presumed to be operated for its owner, and the credibility of oral testimony submitted to rebut that presumption, and to show that it was operated by a servant for his own pleasure, is for the jury.

2. A rebuttable presumption of liability has the same probative force as if established by direct evidence, and it is for the jury to pass upon the credibility of witnesses offered to repel such presumption.

Argued October 9, 1923. Appeal, No. 36, Oct. T., 1923, by defendants, from judgment of C. P. Allegheny Co., Jan. T., 1919, No. 1715, on verdict for plaintiffs, in case of George Gojkovic et ux. v. C. A. Wageley et al., doing business as Wageley Brothers. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's minor daughter. Before DREW, J.

The opinion of the Supreme Court states the facts.

Judgment on verdict for plaintiffs for $1,790.03. Defendants appealed.

*Error assigned* was, inter alia, refusal of judgment for defendants, n. o. v. quoting record.

*Thomas F. Garrahan,* with him *H. W. McIntosh,* for appellants, cited: Beatty v. Firestone T. & R. Co., 263 Pa. 271; Lotz v. Hanlon, 217 Pa. 339; Scheel v. Shaw, 60 Pa. Superior Ct. 73, 252 Pa. 451; Farbo v. Caskey, 272 Pa. 573; Markel v. Perot, 273 Pa. 4; Goodman v. Sanger, 85 Pa. 37; Cohen v. Transit Co., 228 Pa. 243.

*Ralph P. Tannehill,* with him *Rody P. & M. R. Marshall,* for appellee, cited: Holzheimer v. Lit Bros., 262 Pa. 150; Williams v. Floral Co., 252 Pa. 140; Sieber v. Ice Cream Co., 276 Pa. 340.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

The defendants, Wageley Brothers, were grocers at Pitcairn, Allegheny County, and owners of a delivery truck driven by one Harry Morrow who, while so doing, on October 8, 1918, ran down and killed the eight-year-old daughter of George and Amelia Gojkovic, the plaintiffs. The circumstances pointed to negligence on part of Morrow and this suit, brought to recover for such death, resulted in a verdict and judgment for plaintiffs; defendants have appealed.

The only error assigned is the refusal of the trial court to decide the case in defendants' favor as matter of law, but that could not be done. Plaintiffs' evidence indicated that defendants' name was on the truck and, aside from that, the latter admitted their ownership and also the employment of Morrow, but offered evidence tending to show that on the occasion of the accident he was

using the truck for his own pleasure and not within the scope of his employment. This defense found support in the testimony of Morrow and, to some extent, in that of a boy riding with him and of one of the defendants. On the other hand, plaintiffs' case was strengthened by the fact that the accident happened during business hours near the residence of one of defendants' customers and that empty boxes were found in the truck.

To fasten liability on the owner for an accident caused by the negligent operation of his pleasure vehicle no set presumption against him is indulged in and it is necessary to show the driver was the owner's servant and in the performance of his duty as such (Farbo v. Caskey, 272 Pa. 573; Solomon v. Com. Tr. Co. of Pgh., 256 Pa. 54; Scheel v. Shaw, 252 Pa. 451; Lotz v. Hanlon, 217 Pa. 339); but the use of a business vehicle is presumed to be for its owner and, when damage has been caused by the negligent operation thereof, a jury is the proper tribunal to pass upon the credibility of oral evidence submitted to repel such presumption. In essential features the present case is parallel with Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 340, where Mr. Justice FRAZER, for the court, reviews prior decisions, and holds, inter alia, that a delivery truck is presumed to be operated for its owner and that the credibility of oral testimony submitted to rebut that presumption is for the jury. In Williams v. Ludwig Floral Co., 252 Pa. 140, a somewhat similar case, we hold also that whether such presumption has been overcome by oral testimony is for the jury, whose exclusive province is to pass upon the credibility of the witnesses; and see Holtzheimer et ux. v. Lit Brothers, 262 Pa. 150; O'Malley et al. v. Public Ledger Company, 257 Pa. 17. In the recent case of Shaughnessy v. Dir. Gen. of R. R., 274 Pa. 413, we hold, in an opinion by Mr. Justice SADLER, that a rebuttable presumption of liability has the same probative force as if established by direct evidence, and it is for the jury to pass upon the

credibility of witnesses offered to repel such presumption.

There are circumstances in the instant case, to which we have referred, tending to strengthen plaintiffs' case, and some, not necessary to mention, that might seem to throw doubt upon evidence offered for the defense; but, aside from that, the presumption in plaintiffs' favor carried the case to the jury, despite the opposing oral testimony. While jurors may sometimes abuse the rule placing in their hands the credibility of witnesses, the ultimate responsibility rests with the courts to see that no unjust or unwarranted verdict is permitted to stand.

The judgment is affirmed.