## Pillo *v.* Jim Banes Ford, Inc., Appellant.

Argued January 15, 1963. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused April 30, 1963.

*James M. Marsh,* with him *Harold Spencer,* and *La-Brum and Doak,* for appellant.

*Edward J. Hardiman,* with him *Pearlstine, Salkin & Hardiman,* for appellee.

OPINION PER CURIAM, March 19, 1963:

The sole issue raised on this appeal from the denial of a motion for judgment n.o.v. is whether the court below erred in refusing to rule as a matter of law that appellant's employee was *not* acting within the scope of his employment at the time of the accident in question. Since the jury returned a verdict in favor of appellee, we must affirm the judgment below if any reasonable inference from the facts supports the finding that the employee was acting in furtherance of appel-

lant's business when he negligently injured appellee. See *Davis v. Tredwell,* 347 Pa. 341, 32 A. 2d 411 (1943).

The facts reveal that Ambrose Mohan was employed as service manager by appellant automobile agency. In this capacity, one of his duties was to road-test vehicles which had been repaired in the shop. Although Mohan was provided with company automobiles for his daily transportation, he would often—with appellant's permission—drive home in a customer's automobile in order that he might test the car while driving to or from work.

On the day in question, a customer specifically requested Mohan to test his automobile. Mohan testified that he left the shop around 7:30 p.m. intending to road-test the car either that evening or the next morning on the way to work. On the way home, he stopped at a tavern spending approximately one hour there. The accident occurred about 9:15 p.m. while he was driving on his customary route home.

Appellant argues that since Mohan was not road-testing the automobile on his way home, he cannot be considered as acting in furtherance of appellant's business at the time of the accident. This contention was adequately answered by the court below as follows: "Even assuming that [Mohan] was not road-testing at the time of the accident, it is still reasonable to infer that he would have tested it on his way to work the next day. In that event taking it home was part of his job in that it would enable him to make the road-test in the morning on the way to his employer's place of business."

Judgment affirmed.