419 A.2d 152

**James J. FERRELL**

v.

**Barbara E. MARTIN, and Charles L. Huston, III, and Barbara Huston, his wife.**

**Appeal of Charles L. HUSTON, III and Barbara Huston, his wife.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed March 21, 1980.

Reargument Denied June 23, 1980.

George J. McConchie, Media, for appellants.

Fred T. Cadmus, III, West Chester, for appellee.

Before PRICE, VAN der VOORT and WIEAND *, JJ.

WIEAND, Judge:

This appeal presents an issue which is novel and unique. We are asked to determine whether a babysitter exceeds the scope of her employment when she removes the children from their home, puts them in her own vehicle, and takes them to the home of her parents and later to a service station, where her vehicle strikes and injures the attendant. A jury found that the babysitter was acting within the scope of her employment and pursuant to principles of respondeat superior imposed liability upon the absent parent–employer for the service station employee's injuries. A motion for judgment n. o. v. was denied by the court en banc, and this appeal followed.

Charles and Barbara Huston, appellants, engaged Barbara Martin, a college student, to sit with their two small children, ages one and three, while they spent the weekend of September 7 and 8, 1974 at the shore. When the babysitter arrived on Friday evening, she was given detailed instructions concerning the children's meals, naps and bedtime. Sufficient food was provided for all meals during the weekend, and emergency instructions and telephone numbers were given to the sitter.

On Sunday morning, Barbara called her parents, who lived twenty minutes driving time from appellants' home, to obtain permission to bring the children to Sunday dinner. This was readily given, and Barbara put the children in her car and drove to her parents' home. After the dinner dishes had been done, she put the children back in her car for the return trip.

When almost at the Huston home, Barbara observed that her car's gasoline gauge was registering "empty". There-

* Judge DONALD E. WIEAND is sitting by special designation.

fore, she pulled into a Sunoco station at the intersection of Routes 100 and 113 in Chester County. A vehicle was in front of her at the pumps, and an attendant was pumping gas into the rear thereof. Barbara pulled behind the vehicle and stopped. One of the children, she said, threatened to throw a bottle, and she turned around and attempted to quiet the child. Feeling the car move forward, she attempted to apply the brakes. Unfortunately, her foot came in contact with the accelerator and her car shot ahead, striking the attendant who had been working on the car in front.

A master can be held liable for the negligence of a servant only if the negligence occurred while the servant was acting within the course and scope of his or her employment. *Mauk v. Wright*, 367 F.Supp. 961, 968 (M.D.Pa.1973). "The phrase 'scope of employment' means the extent of (the subject matter of the employment) and denotes the field of action within which one is a servant. The manifestations of the master determine what conduct may be within the scope of employment, since it includes only acts of the kind authorized, done within limits of time and space which approximate those created by the authorization." Restatement, Agency 2d, § 228, comment a.

The issue in the instant case must be more narrowly defined. The babysitter's use of her own automobile to take the children to her parents' home for dinner and her subsequent stopping for gasoline require that we examine whether appellants had authorized the babysitter to use a car or in some way had a right to control the manner in which the babysitter operated her vehicle. "To hold a master legally responsible for the act of a servant who is engaged in furthering his master's business and who while doing so negligently uses some instrumentality that carries him from place to place, it must either be proved that the master exercises actual or potential control over that instrumentality, or the use of the instrumentality at the time and place of the act complained of must be of such vital importance in furthering the business of the master that the latter's actual or potential control of it at that time and place may reason-

ably be inferred." *Holdsworth v. Pennsylvania Power and Light Company*, 337 Pa. 235, 240, 10 A.2d 412, 414 (1940); *Wesolowski, et al v. John Hancock Mutual Life Ins. Co.*, 308 Pa. 117, 120, 162 A. 166, 167 (1932).

The applicable rule is stated in Restatement, Agency 2d § 239 as follows: "A master is not liable for injuries caused by the negligence of a servant in the use of an instrumentality which is of a substantially different kind from that authorized as a means of performing the master's service, or over the use of which it is understood that the master is to have no right of control."

"If the master directs a servant to accomplish a result and does not specify the means to be used, the servant is authorized to employ any usual or suitable means. The master, however, may direct that only a particular instrumentality be used, . . . or the course of business may indicate that certain instrumentalities only are contemplated . . . In determining whether or not the use of an unauthorized instrumentality is within the scope of the employment, the additional risk from the use is an important fact to be considered." Id., comment a.

"The fact that the instrumentality used by the servant is not owned by the master is a fact which may indicate that the use of the instrumentality is not authorized, or if authorized, that its use is not within the scope of employment. . . . The fact that he does not own it or has not rented it upon such terms that he can direct the manner in which it may be used indicates that the servant is to have a free hand in its use. If so, its control by the servant, although upon his master's business, is not within the scope of the employment." Id., comment b.

If it be determined that a servant has been authorized to make use of a particular instrumentality, however, then slight deviations will not take the servant out of the scope of his or her employment. *Combs v. Cole Brothers Circus, Inc*, 165 Pa.Super. 346, 348, 67 A.2d 791, 792 (1949); *Mauk v. Wright*, supra. See also cases annotated at 51 A.L.R.2d 8 et

seq. The burden of proving that the servant was acting within the scope of his or her employment, of course, is upon the party so asserting.

■ Generally, the scope of a servant's employment is a fact question for the jury. *Anzenberger v. Nickols*, 413 Pa. 543, 198 A.2d 309 (1964). Where the facts are not disputed, however, the question of whether or not the servant is within the scope of his or her employment is for the court. *Vadyak v. Lehigh and New England R. R.*, 318 Pa. 580, 179 A. 435 (1935); *Chamberlain v. Riddle*, 155 Pa.Super. 507, 38 A.2d 521 (1944).

■ The facts in the instant case are not disputed. Barbara's employment as a babysitter required that she attend, supervise, care for, entertain, feed, and put to bed appellants' two small children. All of these duties were to be performed at the home of appellants, where the children resided. To enable Barbara to perform the duties of her employment, appellants had supplied all material needs for her and the children. These material things existed and were present in the home where the children were to be attended. Food for all meals had been purchased for the entire period during which appellants were to be at the shore. A list of telephone numbers had been given to Barbara with the names of persons to be called in the event of any emergency. In short, Barbara's employment was to be performed at appellants' home, and it was neither necessary nor within the contemplation of the Hustons that Barbara would be required to use her automobile to provide either food or entertainment for these small children. In this respect it may be observed that appellants declined to entrust Barbara with the keys to their second vehicle even though it remained at their home and was not otherwise in use. Clearly, Barbara's use of her automobile was not within the contemplated scope of her duties as a babysitter for children who were one and three years of age. Her employer, therefore, cannot be held to have reserved the right to control the manner in which she operated her vehicle when she determined to introduce into her assignment the greatly increased risk inherent in its use.

The judgment is reversed and the case is remanded for the entry of judgment n. o. v. in favor of appellants.