419 A.2d 169

John H. SHUMAN ESTATE, Appellant,

v.

Gary WEBER, Thomas Mertz, t/a Mertz Auto Sales and Jim M. Shaffer, t/a Jim Shaffer Body Shop.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed March 28, 1980.

Elwood R. Harding, Jr., Bloomsburg, for appellant.

Robert E. Bull, Berwick, for appellees.

Before PRICE, WIEAND and VAN der VOORT, JJ.

PRICE, Judge:

This is an appeal from an order of the court of common pleas granting appellee Thomas Mertz' motion for judgment non obstante veredicto and directing judgment in his favor against appellant, the plaintiff below. Appellant contends that the evidence adduced at trial was sufficient to support the jury's verdict and that the court, by its order, substituted its judgment for that of the jury. We disagree and affirm the order.

■ It is hornbook law that in deciding a motion for judgment n. o. v., the court must consider the evidence, including all reasonable inferences deducible therefrom, in the light most favorable to the verdict winner, the appellant in this case and must resolve all conflicts and doubts in his favor. *Broxie v. Household Finance Co.*, 472 Pa. 373, 372 A.2d 741 (1977); *Flaherty v. Pennsylvania Railroad Co.*, 426 Pa. 83, 231 A.2d 179 (1967). Viewed in this manner, the facts of this case may be succinctly stated as follows. On April 8, 1977, Thomas Mertz brought an automobile from his used car business to the Shaffer Body Shop, located approximately four miles away, to have minor repair work undertaken. The usual policy of Shaffer's Body Shop is that the customer is responsible for the delivery and retrieval of his vehicle, but Mertz made an arrangement with Gary Weber, an employee at Shaffer's, whereby Weber was to return the car to Mertz' business premises following work that day. This arrangement was a convenience for both parties as it saved Mertz a trip to Shaffer's and provided Weber with transportation to his home, which is located several hundred yards from Mertz' car lot. Weber received no monetary compensation for his service of delivering the car.

Although the evidence is conflicting as to whether Weber actually attempted to return the car to Mertz' premises following the completion of the repairs, he did use the car after work that evening, without Mertz' permission, to visit his mother and children and to meet some friends at a nearby tavern. At 4:00 a. m., while driving from the tavern to Mertz' car lot, he fell asleep at the wheel and lost control of the car, causing it to collide with appellant's apartment building, located approximately three miles from Mertz' premises.

Appellant brought an action in trespass against Weber, Mertz and Shaffer, and trial commenced on April 25, 1978. Following presentation of plaintiff's case, counsel for Mertz and Shaffer both moved for a compulsory nonsuit. The trial court granted the motion on behalf if Shaffer but denied the motion on behalf of Mertz and the testimony was completed.

Counsel for Mertz timely filed a request for binding instructions, which was denied. The jury returned a verdict against both Weber and Mertz, causing counsel for Mertz to file a motion for judgment n. o. v. The court of common pleas granted this motion and appellant filed the instant appeal.

The test for judging the appropriateness of awarding judgment n. o. v. was elucidated in *Eldridge v. Melcher*, 226 Pa.Super. 381, 313 A.2d 750 (1973), wherein it was stated:

> " '[T]he evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the *only* one which logically can be reached . . . . The right of a litigant to have the jury pass upon the facts is not to be foreclosed just because the judge believes that a reasonable man might properly find either way.' " *Id.*, 226 Pa.Super. at 387, 313 A.2d at 754, *quoting Smith v. Bell Telephone Co.*, 397 Pa. 134, 138–39, 153 A.2d 477, 479–80 (1959).

Thus, if reasonable support for the verdict is present, judgment n. o. v. should not be granted. Evidence may be sufficient to constitute reasonable support even though it is meager or uncorroborated. *Farmers' Northern Market Co. v. Gallagher*, 392 Pa. 221, 139 A.2d 908 (1958).

To uphold the jury's verdict in the present case, we must find sufficient evidence to establish the existence of a master–servant or employer–employee relationship between Mertz and Weber and to establish that Weber was acting within the scope of his employment at the time of the accident. An employer or "master" is a principal who employs an agent, his employee or "servant," to render services in his affairs and who has the right to control the physical conduct of the employee in the performance of the services. *Smalich v. Westfall*, 440 Pa. 409, 269 A.2d 476 (1970); *Collins v. Hand*, 431 Pa. 378, 246 A.2d 398 (1968). The test of this relationship is framed in terms of the *right and power* to exercise control over the manner in which the

employee performs the work; it is not determinative that such power was never actually exercised. *Coleman v. Board of Education*, 477 Pa. 414, 383 A.2d 1275 (1978); *Ragano v. Socony Vacuum Oil Co.*, 376 Pa. 271, 101 A.2d 686 (1954). Proof of this relationship is critical because without actual or potential control of the manner in which the employee transacts his employer's business, the doctrine of respondeat superior, by which an employer may be held liable for his employee's negligence, although he was personally without fault will not apply. *Smalich v. Westfall, supra; McGrath v. Edward G. Budd Manufacturing, Co.*, 348 Pa. 619, 36 A.2d 303 (1944); *Joseph v. United Workers Association*, 343 Pa. 636, 23 A.2d 470 (1942). Once the relationship is established, it is also necessary to show that the work being performed at the time of the accident was for the benefit of the employer, or part of his business, before the employer will be held vicariously liable. *Yorston v. Pennell*, 397 Pa. 28, 153 A.2d 255 (1959); *Commonwealth to the use of Orris v. Roberts*, 392 Pa. 572, 141 A.2d 393 (1958). Thus, appellant's success in this suit was also dependent upon proof that the act was committed during the scope of employment.

■ Determination of the precise nature of the relationship and the scope of any particular employment is generally within the exclusive province of the jury, except when no disputes exist as to material issues of fact and the inferences to be drawn therefrom. *Norton v. Railway Express Agency, Inc.*, 412 F.2d 112 (3d Cir. 1969); *Mauk v. Wright*, 367 F.Supp. 961 (M.D.Pa.1973); *Anzenberger v. Nickols*, 413 Pa. 543, 198 A.2d 309 (1964); *Schneider v. Albert Einstein Medical Center*, 257 Pa.Super. 348, 390 A.2d 1271 (1978). In the instant case, we agree with the conclusion of the court of common pleas that insufficient evidence was presented to show that Weber was acting in the scope of his employment.[1]

1. Because of our decision on this issue, we find it unnecessary to address whether the jury's finding of an employer–employee relationship was proper. We assume arguendo that it was.

Appellant contends that the court of common pleas reached its conclusion that as a matter of law Weber was outside the scope of employment because it failed to accord appellant, the verdict winner, the most favorable reading of the evidence, as it is required to do when ruling on a motion for judgment n. o. v. Appellant claims that the court erred in finding that Weber drove all the way to his house and then, upon discovering that Mertz had already left the lot for the day, departed on his personal errands. Appellant claims that there was competent testimony that Weber never attempted to return the car to Mertz' lot and that the court should have accepted this testimony because it was more favorable to appellant. We agree that this interpretation renders the disposition of the issue more difficult, but we find that the result remains the same–as a matter of law, Weber was outside the scope of his employment at the time of the accident.

To be considered within the scope of employment, conduct must meet the following criteria: (1) it must be of the kind the actor was employed to perform; (2) it must occur substantially within the authorized time and space limits; *and* (3) it must be actuated, at least in part, by a purpose to serve the master. *Kemerer v. United States*, 330 F.Supp. 731 (W.D.Pa.1971), aff'd, 474 F.2d 1338 (3d Cir. 1973); *Winward v. Rhodewalt*, 203 Pa.Super. 369, 198 A.2d 623 (1964); Restatement (Second) Agency § 228, Comment a (1957). It is not necessary, however, that the acts be specifically authorized by the master to fall within the scope of employment; it is sufficient if they are clearly incidental to the master's business. *Fullard v. Urban Redevelopment Authority*, 222 Pa.Super. 184, 293 A.2d 118 (1972); *Kelly v. Yount*, 135 Pa.Super. 528, 7 A.2d 582 (1939), aff'd., 338 Pa. 190, 12 A.2d 579 (1940).

The instant facts clearly indicate that Weber had left the scope of his employment when he embarked upon his personal errands. The uncontradicted evidence established that Weber was engaged upon a personal expedition in no manner connected with his master's business. (N.T. at 55a).

This journey was not incidental to the authorized act of driving the car from Shaffer's repair shop to Mertz' car lot because it was not subordinate to or at all pertinent to accomplishing the ultimate objective of his employer, gaining the return of his car. *See* Restatement (Second) Agency § 229, Comment b (1957). Weber testified that the trip to visit his children placed him eight to ten miles from Mertz' business premises. His testimony subsequently revealed that Mertz' car lot is only about four miles from Shaffer's repair shop. It is apparent from these facts that Weber could not possibly have been furthering his employer's purpose, since he was not traveling any nearer to the authorized destination.

Moreover, the journey was far beyond any authorized time and space limits that can be implied from the request to return the car. The distance that Weber actually traveled was more than twice that of the expected trip. The time consumed by Weber's personal errands also placed him beyond the reasonable limits of his employment. He was authorized to return the car after the work was completed, which would be at approximately 5:00 to 5:30 p. m. Weber was engaged making personal visits in Mertz' car from approximately 5:30 p. m., until 4:00 a. m. when he left the bar at which he had met his friends. Weber could have made the trip from Shaffer's to Mertz' in a very short time, and the extended route and time by which he accomplished this journey cannot be regarded as within any normal means of achieving the purpose. *See Martin v. Lipschitz,* 299 Pa. 211, 149 A. 168 (1930); *Freeman v. Salem Reformed Church,* 125 Pa.Super. 376, 190 A. 159 (1937). Although some cases have held that a slight deviation in route to serve interests personal to the employee will not place the employee outside the scope of his employment, *Mauk v. Wright, supra; French v. Coff Decorators,* 199 Pa.Super. 482, 185 A.2d 646 (1962); *Lindenmuth v. Steffy,* 173 Pa.Super. 509, 98 A.2d 242 (1953), deviations of this magnitude constitute an independent journey and signify abandonment of the employer's purpose. The employer will not be held liable for the

employee's conduct during this time. *See, e. g., Kirker v. W. M. McIntosh Co.*, 156 Pa.Super. 199, 39 A.2d 846 (1944).

We recently made a similar examination of the scope of an employment in *Ferrell v. Martin*, 276 Pa.Super. 175, 419 A.2d 152 (1980). In that case, we held that a babysitter exceeded the scope of her employment by removing the children from their home and traveling in a vehicle with them. Thus, we concluded that the employer was not liable for injuries to third persons that occurred during this trip. We reached this conclusion because the trip was not necessary and not within the contemplation of the employer. We apply the same reasoning in the instant case and find that Weber was obviously outside the scope of his employment.

Appellant argues that by his previous conduct of acquiescing to the use of his car for extended personal errands, Mertz effectively expanded the spatial and temporal limitations on the scope of Weber's employment. We must disagree. It is well established that even if an employer habitually allows his employee to use an instrumentality for personal use or gives express permission for him to do so, this fact will not, of itself, subject the employer to liability. *Beatty v. Firestone Tire & Rubber Co.*, 263 Pa. 271, 106 A. 303 (1919); *Scheel v. Shaw*, 252 Pa. 451, 97 A. 685 (1916). Liability is only imposed on the employer when the instrumentality is used for the purpose of advancing his business interest. *See* Restatement (Second) Agency § 238, Comment b (1957). This result should be reached particularly in this case because, even taking the evidence in the light most favorable to appellant, Mertz acquiesced to Weber's personal use of his cars only on three or four prior occasions, and that acquiescence did not consist of specific permission or authorization, or even any kind of endorsement of this activity, but merely silence and a failure to object when informed that the car had been so used. (N.T. at 59a).

Clearly, Weber had abandoned his employment purposes and left the scope of employment, but our inquiry must continue for we must also ascertain whether Weber's

acts of leaving the bar and returning in the direction of, and within approximately three miles of, Mertz' business premises was sufficient conduct to constitute reentry into the scope of employment. We find it is not.

Pennsylvania courts have taken a rather strict view of when an employee is deemed to have reentered the scope of his employment. In a case factually similar to the present one, *Solomon v. Commonwealth Trust Co.*, 256 Pa. 55, 100 A. 534 (1917). Our supreme court held that when a driver does more than merely deviate from the most direct route and instead departs on a "joy ride" entirely for his own pleasure, the entire trip until return to the authorized final destination must be treated as part of the joy ride. Thus, even though the accident occurred but a few blocks from the final destination, the court found the employer was not liable. Other cases have taken a slightly more liberal view and held that reentry may be effected by retracing the journey to the point of original deviation. *Martin v. Lipschitz, supra; Myers v. Strousse*, 94 Pa.Super. 440, (1928). The most liberal view was taken in *Freeman v. Salem Reformed Church, supra*, in which the court cited the view of the Restatement that employment may be resumed when the employee reaches a point in "reasonable proximity to the sphere of his usual duties." *Id.*, 125 Pa.Super. at 371, 190 A. at 159 (citing Restatement of Agency § 237 (1932)).

Weber had obviously not returned to the authorized final destination, and the testimony completely lacks the necessary details to infer that Weber had returned to the point of original deviation. Appellant failed to show that the accident occurred on the route Weber would have traveled from Shaffer's repair shop to Mertz' car lot. Furthermore, adopting either this view or the most liberal Restatement view, appellant had not demonstrated Weber's reentry into the scope of employment because of the deviation in time. Adoption of the Restatement view necessitates that he be "reasonably near" both the authorized space and time limits to be within the sphere of his usual duties. Restatement (Second) of Agency § 237 (1957). There is no doubt that this

accident, occurring at about 4:15 a. m., cannot qualify as being within any authorized time limits. The phrase "scope of employment" is ultimately used to determine if it is just that a loss resulting from an employee's acts should be considered as one of the normal risks to be borne by the business in which the servant is employed. Restatement (Second) Agency § 229, Comment a (1957). *See San Santiago v. City of Philadelphia*, 435 F.Supp. 136 (E.D.Pa.1977). We cannot escape concluding that Weber was still engaged in a personal matter, and that as a matter of law liability for his conduct cannot justly be imposed upon his employer.

The judgment of the court of common pleas is affirmed.