453 A.2d 1048

**Michael N. JOHNSON, Appellant,**

v.

**GLENN SAND AND GRAVEL, and Walter W. Simpson.**

Superior Court of Pennsylvania.

Argued May 20, 1981.

Filed Dec. 17, 1982.

Petition for Allowance of Appeal Denied May 12, 1983.

Kent S. Pope, Clarion, for appellant.

John R. Gavin, Oil City and Dennis St. J. Mulvihill, Pittsburgh, for appellees.

Before MONTGOMERY, HOFFMAN and VAN der VOORT, JJ.

MONTGOMERY, Judge:

On July 4, 1978, plaintiff-appellant was severely injured in a collision between his motorcycle and a pickup truck owned by defendant-appellee Glenn Sand and Gravel, and operated by defendant-appellee Walter Simpson, an employee of Glenn Sand and Gravel. Appellant filed a complaint in trespass against both Simpson and Glenn Sand and Gravel. The complaint alleged negligence on the part of Simpson in the operation of the truck. It also alleged that Simpson was the "agent, servant and employee" of Glenn Sand and Gravel which was, therefore, liable for the injuries sustained by appellant. The answer filed by Glenn Sand and Gravel denied that Simpson was their "agent, servant and employee." Simpson failed to file an answer and a default judgment was entered against him. Simpson thereafter moved to open the default judgment, which motion was granted by the lower court. The pleadings completed and the depositions of appellant Johnson and appellee Simpson taken, Glenn Sand and Gravel filed a motion for summary judgment supported by an affidavit. Following the granting of that motion, appellant Johnson filed this appeal.

Appellant alleges that the facts gave rise to a presumption of an agency relationship, which issue should have been submitted to a jury. He, therefore, claims that the order granting summary judgment was in error. In order to determine the validity of appellant's claim, we will list the uncontroverted facts relating to the issue of agency as they were at the time the motion for summary judgment was granted.

The deposition taken of appellee Walter Simpson evinced the following:

(1) The truck involved in the accident was owned by Glenn Sand and Gravel;

(2) Simpson was and is an employee of Glenn Sand and Gravel;

(3) Simpson drove the truck on business for Glenn Sand and Gravel on a daily basis; and,

(4) Simpson was not working on the day of the accident as it was the July 4th holiday.

It is well settled that in our Commonwealth a master is liable for the torts of his servant if the latter's tortious conduct was within the scope of his employment. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3rd Cir., 1979); *Mauk v. Wright*, 367 F.Supp. 961 (M.D.Pa., 1973); *Smalich v. Westfall*, 440 Pa. 409, 269 A.2d 476 (1970); *Ferrell v. Martin*, 276 Pa.Super. 175, 419 A.2d 152 (1980). In order for the servant's tortious conduct to be found within the scope of employment (1) the injurious action must have been committed within the time and space of the employment; and, (2) the servant's activity must in some way further the employer's business. *Shuman Estate v. Weber*, 276 Pa.Super. 209, 419 A.2d 169 (1980); *Mauk v. Wright*, supra.

The undisputed facts show that the injurious activity was outside of the time and space of Simpson's employment. He admitted that he was not working for Glenn Sand and Gravel on that day. Simpson also admitted that he used the truck to fulfill a personal request of his father and did not have actual permission to so use the vehicle. We, therefore, cannot find Simpson's activity to be within the time and space of his employment.

Plaintiff alleges that a rebuttable presumption of an agency relationship arises as a result of the uncontroverted fact that the pick-up truck in question was a commercial vehicle owned by Glenn Sand and Gravel, and used generally by the company in the course of its business. Plaintiff, however, overlooks that body of law which states that liability is only imposed on the employer when an instru-

mentality, the pick-up truck herein, is used for the purpose of advancing the employer's business interest. *Shuman Estate v. Weber,* supra; *Ferrell v. Martin,* supra. We find no evidence in the instant case that the pick-up truck was used by Simpson for any such purpose. If it were established in the court below that the truck was being used for the furtherance of Glenn Sand and Gravel's business in addition to some personal purpose of Simpson, we might be constrained to investigate further. *See, Mauk v. Wright,* supra (dual motivation does not necessarily negate an action within the scope of employment). That not being the case herein, however, we find that mere ownership of the vehicle involved is not sufficient to establish the rebuttable presumption of an agency relationship. *See, Shuman Estate v. Weber,* supra.

██ Under Pa.R.C.P., Rule 1035(b), a motion for summary judgment shall be granted "if ... there is no genuine issue as to any material fact and [if] the moving party is entitled to a judgment as a matter of law." *See also, Puleo v. Broad Street Hospital,* 267 Pa.Super. 581, 407 A.2d 394 (1979). As noted earlier, there was no dispute as to any facts pertinent to the establishment of an agency relationship between Glenn Sand and Gravel, and Simpson. Furthermore, the test for whether an agency issue should reach the jury turns upon whether any reasonable inference from the facts supports the finding that the employee was acting in furtherance of his employer's business. *Pillo v. Mohan,* 410 Pa. 417, 189 A.2d 850 (1963). As we have already determined that no such inference could be made from the facts herein, the lower court properly granted the motion for summary judgment.[1]

1. The dissent states that appellant is not advancing a theory which he failed to take before the trial court. (See Dissenting Opinion, footnote*) A review of the record reveals that appellant, in opposition to summary judgment, argued that a rebuttable presumption of agency arose in his favor due to certain statements made by appellee Simpson in his deposition. We find this distinguishable from the dissent's interpretation of the argument in the court below as a contention that a triable issue of fact precluded summary judgment. The former is based upon a legal presumption while the latter goes directly to the

Appellant also claims that the lower court's order is excessively broad in that it exceeds the scope of relief requested and makes determinations of fact not yet in issue. The order in question is clear in that it grants Glenn Sand and Gravel's motion for summary judgment. The briefs in support and in opposition to that motion confined the issue to one of agency. The lower court's ruling was, therefore, based on his findings as to that limited issue. Any language in the lower court's opinion which exceeds the parameters of the issue of agency must be viewed as dicta. To formally hold so, however, is unnecessary in light of our disposition of this case on the sole issue which was before the lower court.

Order affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Summary judgment cannot be granted against a plaintiff simply upon oral statements made in a deposition by one of the defendants. I therefore dissent. It is well-settled that "[h]owever clear and undisputable may be the proof, when it depends on oral testimony it is nevertheless the province of the jury to decide." *Nanty-Glo v. American Surety Co.*, 309 Pa. 236, 238, 163 A. 523, 524 (1932). The limited exception to this rule that when a party's own "admissions le[ave] no issue for the jury to resolve, . . . [but] rather have the effect of an unintentional but still unconditional surrender," *Rivoli Theatre Co. v. Allison*, 396 Pa. 343, 346, 152 A.2d 449, 451 (1959), does not apply here. Appellee Simpson's statements in his deposition about his relation to his employer, co-appellee Glenn Sand, though characterized by the majority as "admissions," are not binding upon the adverse party, appellant Johnson. The credibility of these

factual merits. The undisputed testimony issue is a theory which was not clearly presented to the lower court, but, at most, hidden within appellant's rebuttable presumption theory which brings this matter squarely within the ambit of *Kimmel v. Somerset County Commissioners*, 460 Pa. 381, 333 A.2d 777 (1975). The case of *Gojkovic v. Wageley*, 278 Pa. 488, 123 A. 466 (1924) is, therefore, inapplicable.

statements and their accuracy in describing the accident's circumstances are questions of fact to be resolved by the factfinder. Only then may the court, or the jury under proper instructions, apply the law of agency. "When passing on a motion for summary judgment, the trial court is simply to determine whether there is a triable issue of fact; it is not to decide any issue of fact." *Kent v. Miller*, 222 Pa.Superior Ct. 390, 393, 294 A.2d 821, 823 (1972). Accordingly, because summary judgment cannot be granted on this record, I would reverse and remand for further proceedings.*

---

* The rule that an appellate court "will not reverse a judgment or decree on a theory that was not presented to the trial court," *Kimmel v. Somerset County Commissioners*, 460 Pa. 381, 384–385, 333 A.2d 777, 779 (1975), is inapplicable here. In *Kimmel* the court accurately noted that appellants were presenting on appeal "entirely different theories than they had presented to the trial court." *Id.* Here, appellant contended consistently, and correctly, that a triable issue of fact precludes summary judgment. He specifically identified the weight and credibility of Simpson's testimony as such an issue both to the lower court, *see* Lower Court Op. at 3, and to our Court, *see* Appellant's Brief at 4, 11–12. That he failed to cite *Nanty-Glo v. American Surety Co., supra,* or other authority for this proposition, does not undermine its correctness or deprive him of the right to have a factfinder resolve the issue he has identified.