**P. Brian BRUMFIELD, Plaintiff,**

v.

**Sherri SANDERS, et al., Defendants.**

**No. 4:CV–98–1482.**

United States District Court,
M.D. Pennsylvania.

May 27, 1999.

Marc F. Lovecchio, Campana and Campana, Williamsport, PA, for Plaintiff.

Dulce Donovan, U.S. Attorney's Office, Harrisburg, PA, for Defendants.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This action was originally filed by Plaintiff P. Brian Brumfield on August 7, 1998, in the Court of Common Pleas of Union County, Pennsylvania. On September 8, 1998, the action was removed to this court. At all times relevant to the allegations set forth in the complaint, Brumfield was employed as a Supervisory Correctional Officer at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI–Allenwood"). Brumfield named as Defendants the following four individuals employed at FCI–Allenwood: Sherri Sanders, Michelle Shadday, Brenda Derr–Blakeney, M. Jane Huff, and Carla Myers. In the complaint Brumfield sets forth state tort law claims of conspiracy, abuse of

process, intentional infliction of emotional distress and defamation against all five Defendants. Brumfield's claims arise out of Defendants' participation in an investigation by the Office of Internal Affairs of the Federal Bureau of Prisons regarding alleged unprofessional conduct by Brumfield.

The case was assigned to us but referred to Magistrate Judge Thomas M. Blewitt for preliminary consideration. On April 16, 1999, Magistrate Judge Blewitt issued an order (1) granting Defendants' motion to substitute the United States as the sole Defendant, (2) denying Brumfield's motion to strike Defendants' motion for substitution,[1] (3) deeming Defendants' motion to dismiss withdrawn for failure to file a supporting brief, and (4) declaring moot Brumfield's motion to hold Defendants' motion to dismiss in abeyance. On April 20, 1999, Brumfield filed an appeal pursuant to M.D. Pa. Local Rule 72.2. The appeal has been briefed and became ripe for disposition on May 21, 1999.[2]

Local Rule 72.2 provides in relevant part as follows:

Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, within ten (10) days after issuance of the magistrate judge's order ... A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The judge may also reconsider sua

sponte any matter determined by a magistrate judge under this rule.

Brumfield alleges in the complaint that in September of 1996 the Warden of FCI–Allenwood conducted both group and private meetings with female employees of the institution and encouraged them to come forward and speak out against any male supervisors "that they felt had done them injustice or committed any wrongs." It is further alleged that in October and November of 1996 agents of the Office of Internal Affairs conducted interviews with staff regarding allegations against Brumfield. Defendants then signed affidavits as well as other written statements concerning alleged misconduct by Brumfield.[3] Brumfield claims the affidavits and other written statement were false. At the conclusion of the investigation, the Warden of FCI–Allenwood on April 7, 1997, informed Brumfield that he would be transferred to another institution as he could no longer work effectively at FCI–Allenwood. On April 14, 1997, Brumfield was called to the Warden's office and informed by the Warden that he was being transferred to the Federal Correctional Institution, Fairton, New Jersey. Brumfield resigned as an employee of the Federal Bureau of Prisons because he did not want to be transferred to that institution.

The Westfall Act, also known as the Federal Employees Liability Reform and Tort Compensation Act, provides that federal employees acting within the scope of their employment are absolutely immune from damage liability on state tort law claims. 28 U.S.C. § 2679. Indeed, the

1. Brumfield did not file a brief in opposition to Defendants' motion to substitute. Instead Brumfield filed a motion to strike Defendants' motion to substitute. This was improper and not authorized by the Local Rules of Court. By failing to file a brief in opposition, Defendants' motion to substitute could have been deemed unopposed.

2. Brumfield's brief in support of the appeal consisted of three pages and merely incorporated the arguments set forth in the brief which was filed by Brumfield before Magistrate Judge Blewitt in support of his motion to

strike Defendants' motion for substitution. We do not approve of this practice.

3. We will not go into detail with regard to all of the allegations but only summarize one of the affidavits. Brumfield contends that Defendant Sherri Sanders noted in her affidavit or written statement that (1) he made an implication about oral sex during a pool game, (2) he had a wooden penis laying on a desk, (3) that she believed he made a sexually explicit statement about underwear, and (4) that he advised her to "keep her mouth shut in conjunction with the investigation."

Westfall Act provides that the Federal Tort Claims Act which permits suits against the United States is an individual's sole remedy for a federal employee's negligence or intentional torts so long as the federal employee was acting within the scope of his or her employment when that federal employee was negligent or committed the intentional tort.

Once an action is brought against a federal employee for that employee's negligence or intentional wrongful conduct, the Westfall Act provides that the Attorney General may certify that the employee was acting within the scope of his or her employment at the time of the alleged wrongful conduct and request that the United States be substituted as the only Defendant. 28 U.S.C. § 2679(d)(1). The Attorney General's certification that the federal employee was acting within the scope of his or her employment is *prima facie* evidence of that fact. *Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir.1994). The Attorney General has delegated her certification authority to the United States Attorneys. 28 U.S.C. § 510; 28 C.F.R. § 15.3. In the present case, Mary Catherine Frye, the Civil Chief of the United States Attorney's Office for the Middle District of Pennsylvania, certified that she read Brumfield's complaint and based on the incidents alleged, all of the Defendants were acting within the scope of their employment at the time of the conduct alleged in the complaint.

Brumfield contends that Magistrate Judge Blewitt should have denied Defendants' motion for substitution and permitted him reasonable discovery regarding whether Defendants were acting within the scope of their employment at all times relevant to the actions of which he complains. Bureau of Prisons' policy mandates that "during an official investigation, employees are to cooperate fully by providing all pertinent information they might have." (Ex. 2 at 9, ¶ 13(c)) Also, employees are required to "immediately report to management any violation or attempted violation of any law or regulation . . . ."

(Id. at 9, ¶ 13(a)) It is clear that Bureau of Prisons' policy makes clear that it was within the scope of Defendants' employment duties to cooperate with investigators of the Office of Internal Affairs and provide potential information regarding any unprofessional conduct by Brumfield.

Brumfield is apparently arguing that the falsity of the Defendants' affidavits and statements removes their actions from the scope of their employment. It is settled that Pennsylvania law controls the issue of whether Defendants were acting within the scope of their employment. The Court of Appeals for this circuit has predicted that the Pennsylvania Supreme Court will follow the Restatement (Second) of Agency in determining whether an employee's conduct is within the scope of his or her employment. *Aliota v. Graham*, 984 F.2d 1350, 1358–59 (3d Cir.1993).

Section 228 of the Restatement (Second) of Agency provides that conduct of an employee is within the scope of employment if (1) it is of the kind the employee is employed to perform, (2) it occurs substantially within the authorized time and space limits and (3) it is actuated, at least in part, by a purpose to serve the employer. In the present case the Defendants made statements in the context of an official governmental investigation. Defendants were required to cooperate with the investigation. Brumfield's allegations that Defendants intentionally made false statements about him out of animosity do not remove Defendants' actions from the scope of their employment. *Shuman v. Weber*, 276 Pa.Super. 209, 419 A.2d 169, 173 (1980)("It is not necessary . . . that the acts be specifically authorized by the master to fall within the scope of employment; it is sufficient if they are clearly incidental to the master's business . . . ."); *see also* Restatement (Second) of Agency ("Conduct may be within the scope of employment although done in part to serve the purposes of the servant or a third person."); *Gulati v. Zuckerman*, 723 F.Supp. 353, 358 (E.D.Pa.1989)(affording private

government contractor federal immunity for alleged defamatory statements made in the context of Defense Department investigation).

In the present case, applicable Bureau of Prisons' policy makes clear that it was within the scope of Defendants' employment duties to cooperate with Office of Internal Affairs investigators and provide potential information regarding Brumfield's unprofessional conduct. Also, Defendants' efforts to assist in the investigation occurred within the time and space limits of their employment with the Bureau of Prisons. Their efforts were for the Bureau of Prisons' benefits, at least in part, because if the investigation were successful, appropriate discipline could be meted out and unprofessional conduct by a supervisor halted.

■ In the Defendants' brief in opposition, they also argue that there was no need for Magistrate Judge Blewitt to permit Brumfield to engage in discovery because he already undertook extensive discovery relating to the scope of employment issue in the context of his Merit System Protection Board proceeding and should not be permitted to duplicate those efforts in the present proceeding. Brumfield did not respond to this argument and we find that it has substantial merit. Permitting additional discovery when the Attorney General's certification is not based on a different understanding of the facts than is reflected in Brumfield's complaint would undermine the intent of the Westfall Act to protect federal employees from responding to state law tort claims. See *Melo v. Hafer,* 13 F.3d 736, 747 (3d Cir.1994)(discovery only permitted if the Attorney General's certification is based on a different understanding of the facts than is reflected in the complaint). We do not see how the Attorney General's certification is based on a different understanding of the facts than is reflected in the complaint and conclude that Magistrate Judge Blewitt's order authorizing substitution was not clearly erroneous or contrary to law. Consequently,

we will affirm Magistrate Judge Blewitt's order authorizing substitution.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Magistrate Judge Blewitt's order authorizing substitution is affirmed.

2. This case is remanded to Magistrate Judge Blewitt for further proceedings.