J-S83044-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JOHN HALBLEIB D/B/A HALBLEIB AUTOMOTIVE, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAG TOWING & COLLISION, AUTO GALLERY AND BRIAN HAENZE | : | No. 1213 WDA 2018 |

Appeal from the Order Entered August 1, 2018
in the Court of Common Pleas of Allegheny County
Civil Division at No(s):  AR 16-005207

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED APRIL 15, 2019

John Halbleib d/b/a Halbleib Automotive (collectively, "Halbleib")

appeals from the Order directing the entry of judgment against him,[1] and in

_____

[1] The trial court's docket indicates that the Prothonotary did not actually enter judgment in this matter.  Generally, an order must be reduced to judgment and docketed before an appeal is proper.  See Thomas v. Elash, 781 A.2d 170, 174 n.3 (Pa. Super. 2001) (holding that a trial court's direction that judgment be entered, unaccompanied by an actual entry of the judgment on the docket, is interlocutory and not appealable).  However, this procedural defect does not preclude our exercise of jurisdiction over this appeal.  This Court has held that we may review an appeal in the absence of a properly entered judgment where, as here, "the order from which a party appeals was clearly intended to be a final pronouncement on the matters discussed ...." Johnston the Florist, Inc. v. TEDCO Constr. Corp., 657 A.2d 511, 514 (Pa. Super. 1995) (en banc) (internal quotation marks omitted); see also McCormick v. N.E. Bank of Pa., 561 A.2d 328, 330 n.1 (Pa. 1989) (where appellants' motion for post-trial relief was not reduced to judgment by praecipe, stating, "in the interests of judicial economy, we shall regard as done that which ought to have been done.") (internal quotation marks omitted).

favor of Tag Towing & Collision, LLC ("Tag Towing"), Auto Gallery, LLC ("Auto Gallery"), and Brian Haenze ("Haenze") (collectively, "Defendants").[2]  We affirm.

This dispute arises out of a motor vehicle accident that occurred on April 22, 2016, between two tow trucks taking part in a multi-tow truck "funeral procession," in honor of a deceased tow truck driver.  Ryan Kahle ("Kahle"), an employee of Tag Towing at the time, was driving a tow truck owned by Auto Gallery.[3]  Kahle was not towing a vehicle at the time or traveling to pick up a vehicle.  While driving on the highway to a funeral home, Kahle rear-ended a tow truck owned by Halbleib.[4]  According to Halbleib, the collision, which did not result in any personal injuries, caused approximately $35,000 in damage to his tow truck.

On October 16, 2016, Halbleib filed a pro se Complaint against Defendants in Magisterial District Court (hereinafter "MDJ").  Therein, he asserted that Defendants were liable for the negligent damage to Halbleib's tow truck.  After the MDJ ruled in favor of Halbleib, in the amount of $12,000, Defendants appealed.  Following proceedings before an arbitration panel, which ruled in favor of Defendants, the matter proceeded to a non-jury trial.

---

[2] Though the caption does not identify Tag Towing and Auto Gallery as limited liability companies, the record reflects their status as such.  Haenze is the sole member of both Auto Gallery and Tag Towing.

[3] This tow truck was uninsured.

[4] Kahle testified that the Halbleib tow truck did not contribute to the accident.

At the trial on March 26, 2018, Halbleib was represented by counsel, and Defendants (i.e., Haenze) appeared pro se. Among other witnesses, the trial court considered the testimony of Haenze, Halbleib, and Kahle. Notably, during Haenze's cross-examination of Halbleib, the trial court interjected and directed the following line of questioning to Haenze:

> THE COURT: Excuse me. Let me interject something here. Mr. Haenze, do you agree that you are responsible for paying whatever amount is due?
>
> MR. HAENZE: I agree that – of course, our truck did strike his truck. I'm not disputing that, Your Honor.
>
> THE COURT: My question is do you agree that you're responsible for whatever amount you believe is properly due?
>
> MR. HAENZE: Yes and no, Your Honor. I can't state what happens to this vehicle after hours. Both drivers take these vehicles home.
>
> THE COURT: When you said yes and no, that doesn't make sense to me.
>
> MR. HAENZE: Because it's a double-edged sort of question. Am I responsible as a business owner, that being my vehicle? Yes. If the damage has occurred on how they're stating. I wasn't there, Your Honor, to be able to say or to see by my own eyes. Therefore, I have to go on what I was told.
>
> THE COURT: If your guy [(i.e., Kahle)] was driving your truck and he hit this tow truck, are you agreeing — I just want to be clear. Do you agree that you should be liable for some amount of money?
>
> MR. HAENZE: Yes.
>
> THE COURT: The issue in this case is how much do you owe?
>
> MR. HAENZE: Correct.
>
> THE COURT: Is that true?

- 3 -

MR. HAENZE: Yes, Your Honor.

N.T., 3/26/18, at 31-33 (emphasis added).[5] However, despite the admission statement, liability was further contested during trial. For instance, the trial court stated as follows prior to closing arguments:

> THE COURT: Mr. Haenze, this is your chance now to make an argument to me, a closing argument telling me why you should not be liable or[,] if so[,] how much you should be liable for.

Id. at 130-31. Furthermore, after Haenze's closing, counsel for Halbleib briefly argued liability in his closing statement before addressing damages. Id. at 136-37.

At the close of trial, the trial court entered a verdict in favor of Defendants, finding as follows:

> [Halbleib] did not establish that [] Kahle, at the time of the accident, was acting within the course and scope of his employment with any [D]efendant, or that he was furthering the interests of any [D]efendant. Therefore, vicarious liability against no defendant was established.

Non-Jury Verdict Slip, 3/26/18.

On April 4, 2018, Halbleib timely filed a Post-trial Motion challenging the verdict. Halbleib emphasized that Haenze, in the admission statement, conceded that Defendants were liable for the damage to Halbleib's tow truck.

_____

[5] We will hereinafter refer to the italicized portion of Haenze's above testimony, which is particularly important to the instant appeal, as the "admission statement."

Halbleib asserted that, therefore, the only matter to determine at trial was the amount of damages Defendants owed him.

By an Opinion and Order entered on August 1, 2018, the trial court denied Halbleib's Post-trial Motion, and directed the entry of judgment in favor of Defendants. Halbleib then timely filed a Notice of Appeal.[6]

Halbleib now presents the following issues for our review:

> 1. Did the trial court err in failing to find that Defendants had conceded vicarious liability and had thereby limited the trial to damages?
>
> 2. Did the trial court err in failing to find [that] the trial evidence established vicarious liability?

Brief for Appellant at 6.

> Our standard of review of a non-jury verdict is limited to determining whether the findings of the trial court are supported by competent evidence and whether the trial court committed an error in any application of the law. We consider the evidence in a light most favorable to the verdict winner[,] and will reverse only if the trial court's findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.

Hornberger v. Dave Gutelius Excavating, Inc., 176 A.3d 939, 943-44 (Pa. Super. 2017) (internal citations and quotation marks omitted); see also L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc., 777 A.2d 1090, 1093 (Pa. Super. 2001) (stating that, in a non-jury trial, the fact-finder is free to believe all, part, or none of the evidence).

---

[6] The trial court did not order Halbleib to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

In his first issue, Halbleib, pointing to Haenze's admission statement, asserts that the trial court erred in not limiting the trial to the issue of damages:

> Haenze admitted liability on behalf of himself and all Defendants. Indeed, he specifically advised the court that the only issue to be decided at trial was the extent of damages. Thus, there was no obligation or reason for [] Halbleib to introduce evidence establishing responsibility on behalf of any Defendant – precisely because responsibility had been conceded.

Brief for Appellant at 16 (citing Neison v. Hines, 653 A.2d 634 (Pa. 1995), and Hawley v. Donahoo, 611 A.2d 311 (Pa. Super. 1992), for the proposition that, where a defendant in a motor vehicle accident case concedes liability, the only issue remaining for the fact-finder is the extent of damages). Halbleib further contends that he relied, to his detriment, upon the admission statement at trial, and thereafter did not seek to adduce further evidence concerning liability in light of this statement. See Brief for Appellant at 18-20. Accordingly, Halbleib asks that we vacate the judgment against him, and remand for the imposition of a verdict in his favor, with damages to be determined by the trial court on the existing record. Id. at 23.

In its Opinion, the trial court addressed and rejected Halbleib's claim as follows:

> It is well established that a party is bound by an admission of fact, but not by a statement concerning a legal conclusion. "For an averment to qualify as a judicial admission, it must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law." Century Surety Co. v. Essington [A]uto Center, LLC, 140 A.3d 46[, 52] (Pa. Super. 2016) [(citation omitted)].

The following language was cited with approval in Cogley v. Duncan, 32 A.3d 1288, 1292 (Pa. Super. 2011):

> The general rule is that admission[s] of fact in pleadings are admissible, but that the pleader's conclusions of law are not admissions of fact in issue. Whether an allegation is of fact or law is determined by the context disclosing the circumstances and purpose of the allegation. In perhaps the broad sense, the statement that a party is liable to another is a statement of fact, but the same words are in general use as a statement of law, and when intended to be so used[,] the statement may not be treated as an admission of fact.

(Emphasis added). In the instant case, Haenze's [admission] statement in open court that he was liable to [Halbleib] should be treated no differently than if he had pleaded the same in a written filing.

The problem with [Halbleib's] reliance argument is that[,] as of the time of [the trial court's] exchange with Haenze [(i.e., wherein the court elicited the admission statement)], [Halbleib] had already called all of his liability witnesses, namely, Kahle, Dave Diller (a passenger in [Halbleib's] truck damaged in the accident)[,] and himself. [Halbleib's] final witness, Joseph Pippi, was called as an expert in tow truck repair. His testimony was essentially limited to establishing the cost of restoring [Halbleib's] truck to its condition before the accident. It is difficult to see how [Halbleib] relied on Haenze's [admission] statement concerning liability.[FN] Moreover, if [Halbleib] believed damages was the only issue to be decided by the court, he presumably would have pointed this out during closing argument. Instead, he argued, through counsel, alternative theories of liability before addressing damages. [See N.T., 3/26/18, at] 136-137. Moreover, if [Halbleib] forewent presenting evidence establishing vicarious liability based on the incorrect legal conclusion of a layperson, he presumably would have made an offer of proof of such evidence in his post-trial papers.

[FN] [The trial court's] ruling on [Halbleib's] [P]ost-trial [M]otion may well have been different had [Halbleib] demonstrated detrimental reliance.

Opinion and Order, 8/1/18, at 4-5 (some citations and footnotes omitted, footnote in original). We agree with the trial court's sound rationale and determination, which is supported by the record and the law, and therefore affirm on this basis as to Halbleib's first issue, see id., with the following addendum.

Our review discloses that the cases Halbleib relies upon are inapposite. See Neison, supra; Hawley, supra. In both cases, wherein the respective appellate courts held that the personal injury plaintiffs were entitled to a new trial because the undisputedly-injured plaintiffs had been awarded zero damages, it was undisputed that the respective defendants had conceded liability. See Neison, 653 A.2d at 636; Hawley, 611 A.2d at 312. In the instant case, on the other hand, the parties still disputed and discussed liability, even after the admission statement, see N.T., 3/26/18, at 131 (wherein Haenze emphasized in his closing that he was not present for the "so-called accident[,]" and therefore couldn't comment as to liability), 136-37 (wherein counsel for Halbleib argued liability in his closing); see also id. at 32 (wherein Haenze, immediately prior to the admission statement, replied to the trial court's question as to whether he agreed he was liable, "Yes and no, Your Honor."). Moreover, we concur with the trial court's emphasis of the fact that the admission statement was an incorrect legal conclusion uttered by a layman, representing himself at trial. Accordingly, Halbleib's first issue does not entitle him to relief.

In his second issue, Halbleib asserts that

the trial evidence did[,] in fact[,] prove vicarious liability[,] even aside from Haenze's admission. ... Kahle's testimony makes clear that[, on the day of the collision,] he was involved in an industry event on behalf of Haenze and, as such, was acting in the course of, and within the scope of, employment.

Brief for Appellant at 24. We disagree.

Our Court recently summarized the relevant applicable law on this matter as follows:

> Under Pennsylvania law, in order to hold an employer vicariously liable for the negligent acts of its employee, these acts must be "committed during the course of and within the scope of the employment." Sutherland v. Monongahela Valley Hosp., 2004 PA Super 245, 856 A.2d 55, 62 (Pa. Super. 2004) (citation omitted). ...
>
>> [Generally,] [t]he conduct of an employee is considered within the scope of employment for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.
>
> Sokolsky v. Eidelman, 2014 PA Super 117, 93 A.3d 858, 863-64 (Pa. Super. 2014) (quotation omitted).
>
> * * *
>
> With regard to situations involving automobile accidents, Pennsylvania courts have looked to the standard set forth in Restatement (Second) of Agency § 239 in determining whether the employer is vicariously liable for the negligent driving of the employee. See Cesare v. Cole, 418 Pa. 173, 210 A.2d 491 (1965); Ferrell v. Martin, 276 Pa. Super. 175, 419 A.2d 152 (Pa. Super. 1980). As this Court has recognized:
>
>> To hold [an employer] legally responsible for the act of [an employee] who is engaged in furthering his [employer's] business and who[,] while doing so[,] negligently uses some instrumentality that carries him from

place to place, it must either be proved that the [employer] exercises actual or potential control over that instrumentality, or the use of the instrumentality at the time and place of the act complained of must be of such vital importance in furthering the business of the [employer] that the latter's actual and potential control of it at that time and place may reasonably be inferred.

Ferrell, 419 A.2d at 154 ([emphasis added;] quotations and quotation marks omitted). See Restatement (Second) of Agency § 239 (1958).

* * *

"Generally, the scope of [an employee's] employment is a fact question for the [fact-finder]. Where the facts are not in dispute, however, the question of whether … the [employee] is within the scope of his [] employment is for the court." [Ferrell, 419 A.2d] at 155 (citations omitted).

Ludwig v. McDonald, 2019 Pa. Super. LEXIS 150, at **14-16 (Pa. Super. 2019).

At trial, there was no testimony presented as to (1) the extent to which Defendants/Haenze permitted Kahle or any other employee to use company tow trucks for their own personal use;[7] and/or (2) whether Defendants/Haenze had advance knowledge that Kahle would be driving the tow truck in the funeral procession. Additionally, there is no indication in the record that Kahle's participation in the funeral procession furthered Defendants' business in any way. See Ferrell, supra, (stating that the employee's use of the employer's vehicle must be "of such vital importance in

_____

[7] Haenze also explained that his tow truck drivers are permitted to take their trucks home.

furthering the business of the [employer] that the latter's actual and potential control of it at that time and place may reasonably be inferred."). Kahle was not towing a vehicle at the time of the collision, nor was he on his way to pick up and tow a vehicle at that time. Indeed, Kahle and the other tow truck drivers in the procession were driving from their pre-arranged meeting spot to the funeral home. Moreover, there is no evidence of record to support Halbleib's characterization of this procession as an "industry event." Accordingly, the trial court correctly determined that Halbleib failed to establish vicarious liability and entered judgment in favor of Defendants.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/15/2019